■ HARRY L. COHEN, Doing Business as GENESEE SUPPLY CO., Appellant, v. JAMES L. PANNIA et al., Copartners Doing Business as MODERN LANES, Respondents.— Order of Onondaga County Court and order of Syracuse Municipal Court reversed, with $10 costs and disbursements, and motion granted, without costs. Memorandum: The affidavits submitted on the motion for summary judgment under rule 113 of the Rules of Civil Practice establish the second cause of action alleged in plaintiff's complaint for an account stated sufficiently to entitle the plaintiff to judgment. (See *Rodkinson* v. *Haecker,* 248 N. Y. 480, 485.) The opposing affidavit made by defendants' attorney is not based upon personal knowledge, but on hearsay and must therefore be disregarded. (See *City Sav. Bank of Brooklyn* v. *Torro,* 253 App. Div. 748; *Favole* v. *Gallo,* 263 App. Div. 729; *Buffalo Gen. Hosp.* v. *Suppa,* 257 App. Div. 1030.) All concur. (Appeal from order of Onondaga County Court affirming an order of Syracuse Municipal Court which denied plaintiff's motion for summary judgment.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

■ GLENN A. HURLBURT, an Infant, by His Guardian ad Litem, AVILEE F. HURLBURT, et al., Respondents, v. ROBERT DRENNAN et al., Appellants.— Order reversed on the law and facts and motion denied, and judgment modified by increasing the plaintiffs' awards to the amount found by the jury, and as so modified judgment affirmed, with costs to respondents. Memorandum: There was sufficient evidence to justify the verdicts of the jury. In our opinion, the action of the trial court in reducing these verdicts was an improvident exercise of discretion. All concur. (Appeal from a judgment of Wyoming Trial Term for plaintiffs in an automobile negligence action. The order set aside the verdicts and granted a new trial unless plaintiffs stipulated to accept reduced amounts of recovery.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.