■ MICHAEL C. DUBAN et al., Individually and as Copartners Doing Business as DUBAN & COHEN, Appellants, v. ABE A. PLATT et al., Doing Business as PLATT & KATES, Respondents.— In an action between two firms of attorneys, in which the complaint alleges four causes of action based, respectively, on breach of contract, *quantum meruit* and unjust enrichment, to recover the agreed and reasonable value of certain work, labor and legal services rendered by plaintiffs to defendants, and in which the defendant Platt asserted a counterclaim for $25,000 based on the alleged negligence of plaintiffs in handling cases assigned to them, the plaintiffs appeal from an order of the Supreme Court, Nassau County, dated December 17, 1963, which: (a) denied their motion for partial summary judgment for $4,443.75 as to the third and fourth causes of action pleaded in their complaint; and (b) granted defendants leave to serve amended answers. Order reversed, with $10 costs and disbursements; action severed as to the first and second causes of action and the defendant Platt's counterclaim; plaintiffs' motion for partial summary judgment granted; and judgment directed to be entered, with costs, in favor of the plaintiffs against the defendants upon the third and fourth causes of action alleged in the complaint. Pursuant to the statute (CPLR 3016, subd. [f]), the third and fourth causes of action are supported by a schedule of the items of work, labor and services allegedly performed. Defendants' answers to these allegations were mere general denials, which are insufficient to raise any triable issues (*Bertolf Bros.* v. *Leuthardt,* 261 App. Div. 981; *Anderson* v. *City of New York,* 258 App. Div. 588). No proof by affidavit or otherwise was submitted by defendants in opposition to the plaintiffs' motion for summary judgment. The mere assertion of a counterclaim by the defendant Platt, unsupported by proof that it is meritorious, does not bar appropriate relief to plaintiffs under CPLR 3212 (*Nopco Chem. Co.* v. *Milner,* 12 A D 2d 942; *Smith* v. *Cranleigh, Inc.,* 224 App. Div. 376). Under all the circumstances, plaintiffs were entitled to partial summary judgment as requested; and the grant of defendants' request for permission to replead was improvident. Ughetta, Christ, Brennan and Hopkins, JJ., concur; Beldock, P. J., dissents and votes to affirm the order, with the following memorandum: As stated by the Court of Appeals in *Curry* v. *Mackenzie* (239 N. Y. 267, 272), a defectively pleaded answer is not available to a plaintiff on a motion for summary judgment, where facts are shown by the defendant sufficient to defeat summary judgment, since the answer may be amended at the trial or sooner. In the case at bar, the defendants claim that no compensation was to be paid to plaintiffs unless the cases assigned to them were completed. In my opinion, this is sufficient to defeat summary judgment in favor of the plaintiffs.