■ M & S MERCURY AIR CONDITIONING CORP., Respondent, v. ABRAHAM J. RODOLITZ et al., Appellants.— In an action in which the first cause of action seeks recovery against the individual defendant as an indorser of a promissory note, and in which the remaining causes of action seek to recover damages

against both defendants for fraud and conversion, the defendants appeal from: (1) an order of the Supreme Court, Nassau County, entered April 1, 1965 upon renewal of plaintiff's motion for summary judgment as to said first cause of action, which granted said motion and severed said cause of action from the remaining causes of action; and (2) the judgment, entered April 7, 1965 pursuant to said order, in favor of the plaintiff against said individual defendant. Order and judgment affirmed, with $10 costs and disbursements. In our opinion, the assertion by the individual defendant of the counterclaim for $1,000 did not preclude the granting of partial summary judgment to the plaintiff as to the first cause of action. The mere assertion of a counterclaim, unsupported by proof that it is meritorious, does not bar relief to a plaintiff who is otherwise entitled to summary judgment (*Nopco Chem. Co.* v. *Milner*, 12 A D 2d 942). In order to defeat plaintiff's motion, it was necessary for the defendant to assemble and reveal his proof in support of the alleged counterclaim (cf. *Dodwell & Co.* v. *Silverman*, 234 App. Div. 362). In view of defendant's failure to do so, Special Term was justified in granting the plaintiff's motion as to the first cause of action without reducing the amount of the recovery by the amount of the counterclaim. Ughetta, Rabin and Hopkins, JJ., concur; Beldock, P. J. and Benjamin, J., dissent and vote to modify the order and judgment by (1) granting plaintiff judgment for the amount of its claim, less the amount of the $1,000 counterclaim asserted by the individual defendant; and (2) severing the action, leaving the determination of the counterclaim and the right of plaintiff to recover the balance of its claim to the trial of the action; as so modified, the order and judgment should be affirmed.