■ RYAN READY MIXED CONCRETE CORPORATION, Appellant, v. PRELOAD COMPANY, INC., Respondent.— In an action to recover the price of ready mix concrete sold and delivered, plaintiff appeals from an order of the Supreme Court, Kings County, dated October 9, 1967, which denied its motion for summary judgment. Order reversed, on the law, with $10 costs and disbursements, and motion granted. Prior to March 15, 1966 defendant contracted with the Village of Garden City to install a concrete dome over a water storage reservoir. On March 15, 1966 defendant gave plaintiff a purchase order as follows: "Sax. 3,500 P. S. I. Ready Mix concrete meeting the Village of

Garden City specifications * * * Design mixes and aggregate samples shall be coordinated with Long Island Materials Testing Laboratory. All design mixes and tests must meet the approval of the engineer all in accordance with the specifications." Plaintiff delivered the concrete to defendant's job site on April 5, 6, and 7, 1966. As found by Special Term, defendant concedes that (1) the concrete as delivered met the specifications referred to in the purchase order, with respect to the kind and quality of material delivered, and (2) the ratio of materials used and the concrete ultimately developed, when later tested, met the desired strength. Nevertheless, defendant claims that, according to the purchase order, the concrete was to meet the specifications of both the village and the engineer and that the engineer gave instructions to defendant, which relayed the instructions to plaintiff, that no water was to be added to the concrete at plaintiff's plant, but was to be added at the job site; that, contrary to those instructions, water was added to the concrete at plaintiff's plant and that the wet concrete delivered on April 7, 1966 resulted in shrinkage cracks or fractures, to defendant's damage. In our opinion, however, such claim provides no basis for the denial of the motion for summary judgment. Significantly, there is no specification in the purchase order requiring that the concrete be delivered at the construction site as a " dry batch " (no water added) and, in our view, whether or not the engineer gave such instructions is immaterial since there was no requirement in the order that the concrete was to meet *his* specifications. Rather, it appears to us, upon a fair reading of the order, that the engineer's function was merely to assure that the concrete complied with the specifications of the Village of Garden City. Moreover, (a) no claim is made that the Testing Laboratory mentioned in defendant's purchase order found any defects in the concrete either at plaintiff's plant or at defendant's job site, (b) no affidavit is presented by the consulting engineer that any instructions were given that no water was to be added at plaintiff's plant, (c) no claim is made that the Testing Laboratory mentioned in defendant's purchase order was given any such instructions, (d) defendant's own witnesses in their affidavits appear to be in conflict as to whether water was in fact added to the mix at plaintiff's plant and, (e) assuming that water was added at plaintiff's plant, there is an insufficient showing that the water so added caused the damage claimed. Accordingly, absent any triable issue of fact and predicated on the record before us, we find no basis for denying plaintiff summary judgment upon the mere assertion of a counterclaim which appears to be without merit (*M & S Mercury Air Conditioning Corp.* v. *Rodolitz,* 24 A D 2d 873). Beldock, P. J., Christ and Munder, JJ., concur; Benjamin and Martuscello, JJ., dissent and vote to affirm the order on the ground that the affidavits indicate that a triable issue of fact exists as to whether plaintiff was to deliver dry or wet concrete, specification as to which was not provided for in the written order.