■ VIRGINIA BLUE RIDGE RAILWAY, INC., Appellant, v. VERNON D. SEELEY et al., Defendants, and DELAWARE OTSEGO RAILROAD CO., INC., Respondent.— REYNOLDS, J. Appeal from so much of an order of the Supreme Court, Otsego County, as denies appellant's motion for summary judgment against the respondent. In March of 1966, the individual defendants purchased a locomotive from the appellant. As part of this agreement, it was agreed that $250 would be paid to appellant as the reasonable cost of preparing the locomotive for shipment. On April 20, 1967, all of the defendants, including the respondent, joined in placing an order for locomotive parts from the appellant. These parts were duly delivered and had an alleged value of $4,523.95. The cost of preparation and the cost of the parts have not been paid and the instant action seeks recovery for these claims. Pursuant to CPLR 3016 (subd. [f]), an itemized list showing the value of each part was attached to the verified complaint. In answer to appellant's first cause of action — for the cost of preparation — all the defendants admitted all the allegations contained in the complaint but referred all questions of law regarding the contract to the court. They similarly admitted all the allegations as to the second cause of action — for the price of the parts — but, upon information and belief, while admitting that a sum was due and owing for them, denied the reasonable value of the parts. Additionally, the individual defendants counterclaimed for breach of warranty as to the locomotive in the amount of $5,815.23. Appellant thereupon sought summary judgment on its causes of action and for dismissal of the counterclaim. Special

Term denied the motion in all respects, finding issues of fact as to both causes of action and the counterclaim and the instant appeal ensued from so much of the order as denied summary judgment as to respondent. As to the first cause of action, the respondent in its answer and brief admits the allegations in the complaint and clearly is obligated to pay the $250. Thus we see no factual issue as to this claim and no basis for the denial of summary judgment (see, *Ryan Ready Mixed Concrete Corp.* v. *Preload Co.*, 30 A D 2d 852). Similarly we find no factual issue raised by the respondent as to appellant's second cause of action for the parts supplied. Respondent admits that it ordered the parts, that they were duly delivered, and that a sum is due and owing for them. Its answer disputes only the reasonable value of the parts. However, the answer does not specify as required by CPLR 3016 (subd. [f]), which items of value set forth on appellant's list are disputed. The answer is simply a general denial and as such does not put at issue the value of the goods sold (*Duban* v. *Platt*, 23 A D 2d 660, app. dsmd. 16 N Y 2d 612, affd. 17 N Y 2d 526). Nor does the fact that the individual defendants have raised a counterclaim affect the decision with respect to respondent. It is not the respondent's counterclaim, and respondent's liability is not affected by its presence in the litigation (*Irving Fin. Corp.* v. *Wegener*, 30 A D 2d 958; *Dalminter, Inc.* v. *Dalmine, S.p.A.*, 29 A D 2d 852, affd. 23 N Y 2d 653; *Duban* v. *Platt, supra*; cf., *Obedin* v. *Tennyson Ct.*, 23 A D 2d 852). Order modified, on the law and the facts, so as to grant summary judgment in favor of appellant against respondent in the amount of $4,773.75, and, as so modified, affirmed, with costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Reynolds, J.