CAZENOVIA COLLEGE, Respondent, v. HERBERT W. PATTERSON, Appellant.

Third Department, October 24, 1974.

*Bond, McDonald & Toole (Margaret E. Kerlavage* of counsel, admitted *pro hac vice*), for appellant.

*Kiley, Feldman, Whalen, Fuller & Devine (William Day* of counsel), for respondent.

GREENBLOTT, J.   In December of 1965, defendant reserved a place in the freshman class of Cazenovia College for the 1966-67 academic year for his minor daughter.   He sent the signed contract to the college together with the tuition deposit of $350 due by May 1.   The schedule for payment of tuition fees contained the following provision: " I understand that I am reserving a place for her FOR THE ENTIRE COLLEGE YEAR, for which I agree to make all payments as specified on the reverse side of this agreement, unless I notify the College in writing to the contrary before May 1."   The reverse side contained these terms: " If written notice is received on or before May 1, this agreement may be terminated.   After September 1, no refund or remission of the foregoing fees for the entire college year will be made on account of absence, illness, withdrawal or removal at the request of the college, or for any other reason."

Defendant's daughter did not matriculate at the college for the school year 1966-67, and defendant made no further tuition payments.   Plaintiff commenced this action to recover $2,650, the balance of tuition allegedly due.   Defendant counterclaimed for the deposit he had paid of $350.   Special Term granted summary judgment to plaintiff in the amount of $2,650, with interest from January 15, 1967, and dismissed the counterclaim.

We reject defendant's contention that an issue of fact was raised as to the existence of a contract based on the date of " acceptance " by the college.   It was the college's " acceptance " of defendant's daughter's application for admission which constituted the offer, so that defendant accepted the offer when he subsequently signed it.   Since it is not alleged that notification that defendant's daughter would not attend was given before May 1, the last day upon which it was due and by when it was in fact paid, defendant's counterclaim was properly dismissed.

However, different questions arise in the resolution of the main cause of action.   Defendant's defense to this action was that the college had been notified in August of 1966 that his

daughter would not attend, wherefore no tuition payments were required to be made.

In our view, the question of the circumstances under which a withdrawal prior to September 1 would relieve defendant of said obligation raises a factual issue requiring trial. As we have seen, there were two deadlines for notice of withdrawal — May 1 and September 1. While it is clear that a refund of the $350 deposit could not be had after May 1, the contract is susceptible of an interpretation that the September 1 deadline would be meaningless unless interpreted to permit withdrawal up to that date without any further obligation to pay tuition. It is, of course, fundamental, that a contract must be construed to give meaning to all its terms, and it is therefore apparent that a question exists as to the meaning of the contract so as to require trial. If, pursuant to the contract, a withdrawal prior to September 1 would relieve defendant of the obligation to make further payments, the question of whether notice was given was a further issue of fact determinative of the controversy. This is not a case, as Special Term concluded, where the terms of a contract are sought to be altered by parol evidence. Rather, it is the meaning of those terms which must be determined at trial.

Special Term also was of the view that defendant had not come forward with matters of an evidentiary nature so as to warrant trial. We disagree. Defendant alleged in his moving papers that plaintiff was advised by mail of his daughter's withdrawal and acknowledged same by return letter. If these letters no longer exist, any explanation for their nonexistence will affect the quality of defendant's proof, but the issues of fact are not extinguished by their nonproduction before Special Term.

Even if plaintiff were to prevail on the merits, we feel that Special Term erred in awarding damages equal to the contract price without a factual inquiry because it is not apparent on the papers submitted by plaintiff that it suffered actual damages equal to that contract price. Therefore, a trial on the issue of damages would be required in any event.

One other point is deserving of brief discussion. Plaintiff served upon defendant a notice to admit, pursuant to CPLR 3123, containing five items. In his response, defendant expressly admitted two items and expressly denied two, but failed to answer the item requesting him to admit that the college was not notified of his daughter's withdrawal. Under the statute, the failure to deny this item would normally be deemed an admis-

sion, but in an affidavit by defendant's attorney it is stated that this omission was an inadvertent error. Since the issue raised by this item was at the heart of the controversy, and an admission would be completely contrary to defendant's pleadings, we are of the view that in the interests of justice the "admission" should be deemed amended (CPLR 3123, subd. [b]) so as to constitute a denial. If this denial is, after trial, found to have been unreasonable, defendant will be subject, of course, to statutory penalty (CPLR 3123, subd. [c]).

The judgment and order should be modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for summary judgment on its main cause of action, and matter remitted for further proceedings in accordance herewith; the judgment and order in all other respects should be affirmed.

HERLIHY, P. J., STALEY, JR., MAIN and REYNOLDS, JJ., concur.

Judgment and order modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for summary judgment on its main cause of action, and matter remitted for further proceedings in accordance herewith; judgment and order in all other respects affirmed.