■ Two CLINTON SQUARE CORP., Respondent, v GORIN STORES, INC., Appellant.—Order and judgment unanimously affirmed, with costs. Memorandum: We agree with defendant-appellant that Special Term erred as a matter of law in striking its amended answer and counterclaim to plaintiff-respondent's amended complaint on the eight grounds specified in the order, as follows: (1) Although defendant's general denial of plaintiff's third cause of action did not comply with CPLR 3016 (subd [f]) and hence was insufficient to raise a triable issue and to avoid summary judgment *(Duban v Platt,* 23 AD2d 660, affd 17 NY2d 526; *Virginia Blue Ridge Ry. v Seeley,* 33

644

AD2d 871), that is not ground for striking the entire answer. (2) and (3) Assuming that the general denials of paragraphs 3 through 6 of plaintiff's amended complaint are sham and that the first affirmative defense is sham, there is no provision in the Civil Practice Law and Rules for striking an answer as sham *(Chicago Dressed Beef Co. v Gold Medal Packing Corp.,* 22 AD2d 1010; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3024.10), and although such denials and defense are no help against a motion for summary judgment (4 Weinstein-Korn-Miller, NY Civ Prac, par 3211.46), they are not a basis for striking the answer. (4) Although the second affirmative defense may be subject to dismissal under CPLR 3211 (subd [b]), not CPLR 3211 (subd [a], par 7) specified by Special Term, that is not ground for striking the entire answer. (5) and (6) Although the second and third affirmative defenses and the counterclaim are also contained in another action pending between these parties, CPLR 3211 (subd [a], par 4) relied on by Special Term authorizes dismissal of a cause of action on this ground and not dismissal of defenses. The counterclaim, therefore, could properly be dismissed on this ground, but not the affirmative defenses nor the entire answer. (7) The dismissal of the counterclaim on the ground that it cannot be asserted because plaintiff is the assignee in bankruptcy, erroneously relied upon section 5-701 of the General Obligations Law and section 3-306 of the Uniform Commercial Code. Section 13-105 of the General Obligations Law subjects the transferee to such defenses and counterclaims, and so it was error to strike the counterclaim. (8) Lastly, the fact that defendant's attorney verified the answer and based his knowledge upon information received from another person who likewise appeared to be without personal knowledge of the facts, did not justify striking the answer. Since defendant was not in the county, its attorney could properly verify the answer (CPLR 3020, subd [d], par 3). The person on whom the attorney relied was defendant's comptroller and averred that he had knowledge of the facts. Special Term had no right to rule as a matter of law that the comptroller lacked knowledge; and so it was improper to dismiss the answer on this ground. Despite the foregoing erroneous rulings, Special Term properly granted summary judgment to plaintiff. The amended answer to the amended complaint raises issues of fact, but the affidavits in response to plaintiff's motion for summary judgment do not establish any bona fide triable issue. More than suspicion or surmise of a possible defense must be shown *(Shapiro v Health Ins. Plan of Greater N. Y.,* 7 NY2d 56, 63; *Indig v Finkelstein,* 29 AD2d 851, affd 23 NY2d 728; *Green v Irwin,* 28 AD2d 971), and bald conclusory assertions are insufficient to resist such motion *(Ehrlich v American Moninger Greenhouse Mfg. Corp.,* 26 NY2d 255, 259; *Koppers Co. v Empire Bituminous Prods.,* 35 AD2d 906, affd 30 NY2d 609). Summary judgment may be denied only when the pleadings and motion papers present genuine issues of fact (see *Stone v Goodson,* 8 NY2d 8). Defendant does not controvert plaintiff's allegation that it was obligated to pay plaintiff $17,303.93, resulting from the purchase by defendant of two of the stores of plaintiff's assignor, nor that defendant was obligated to the assignor in the sum of $7,891 for computer and sales audit services. The verification and affidavit by defendant's attorney who lacked personal knowledge of the facts have no probative value and were properly disregarded *(Israelson v Rubin,* 20 AD2d 668, affd 14 NY2d 887; *Di Sabato v Soffes,* 9 AD2d 297; *Cohen v Pannia,* 7 AD2d 886). Defendant's contention that because of its counterclaim for an amount in excess of plaintiff's demand, plaintiff's motion for summary judgment must be denied is without merit in this case. The counterclaim is unrelated to the facts of plaintiff's claim but, instead, is

based upon the same ground as the other pending lawsuit between the parties. Although it is well settled "that it is improper to award summary judgment where there exists a meritorious counterclaim for an amount equal to or greater than that demanded in the complaint" *(Illinois McGraw Elec. Co. v John J. Walters, Inc.,* 7 NY2d 874, 876–877; and see *Seneca Trucking Co. v Overmeyer,* 36 AD2d 894), the mere assertion of a counterclaim unsupported by proof of its merit will not defeat summary judgment on an otherwise meritorious claim *(M & S Mercury Air Conditioning Corp. v Rodolitz,* 24 AD2d 873, affd 17 NY2d 909; *Duban v Platt,* 23 AD2d 660, affd 17 NY2d 526, *supra).* (Appeal from order and judgment of Onondaga Supreme Court, granting motion for summary judgment in action to recover for work, labor and services.) Present—Marsh, P. J., Moule, Cardamone, Simons and Witmer, JJ.