■ KNITCRAFT FOUNDATIONS, INC., et al., Appellants, v CITY OF NEW YORK, Respondent.—Order, Supreme Court, New York County, entered March 11, 1977, modified, on the law, to grant plaintiffs-appellants' motion for summary judgment for rent as set forth in the complaint, to sever defendant-respondent's counterclaims, remanding them for trial, and, in the exercise of discretion, to stay execution of the judgment to be entered upon the order to be settled herein until adjudication of the severed counterclaims, and otherwise affirmed, without costs and without disbursements. Defendant city leased certain portions of plaintiffs' building for use as a facility of the Department of Social Services. The suit is for unpaid rent, and plaintiffs moved for summary judgment. The city cross-moved for permission to amend the answer, the proposed answer found in the papers setting forth several affirmative defenses, restated as counterclaims. No attempt was made on the cross motion to set forth defendant's proof as to these defenses, and they would not suffice, as the dissent has pointed out, to defeat plaintiffs' fully proven motion for judgment on the complaint. The city is apparently content to enter its counterclaims, which are sufficiently pleaded to withstand attack, and to let the proofs await trial. Obviously, the standard required to be met is less rigorous than would be demanded to defeat plaintiffs' motion. Incidentally, plaintiffs interposed no opposition to the motion to amend. The counterclaims are as to alleged errors, omissions and departures from specifications in construction as required by contract, particularly in installation of roofing material by use of a type not fit for the

particular purpose of the letting, with resultant violations; as to unconscionability of the rent reserved (Real Property Law, § 235-c); and that the Comptroller has not certified that funds are available for the purpose of the lease as required by the Administrative Code. The sum demanded is in excess of that sought by plaintiffs, for which reason Special Term, relying on *Illinois McGraw Elec. Co. v John J. Walters, Inc.* (7 NY2d 874), denied plaintiff's motion.. As matters now stand, we do not think that plaintiffs should be halted in achieving judgment, but, if the counterclaims are proven valid, the city may be placed in the position of having paid the rent and finding nothing available for execution of judgment on the counterclaim. Thus, we exercise discretion to sever and stay execution, but, in fairness, if the severed action is not brought to trial and resolved within a reasonable time, an application for vacatur of the stay will be in order. Concur—Lupiano, J. P., Evans and Markewich, JJ.; Silverman, J., dissents in part in the following memorandum: I would deny the stay of execution on the judgment we are awarding to the plaintiff on the complaint. "The mere assertion of a counterclaim, unsupported by proof that it is meritorious, does not bar relief to a plaintiff who is otherwise entitled to summary judgment * * * In order to defeat plaintiff's motion, it was necessary for the defendant to assemble and reveal his proof in support of the alleged counterclaim". *(M & S Mercury Air Conditioning Corp. v Rodolitz*, 24 AD2d 873, 874, affd 17 NY2d 909; accord *Ryan Ready Mixed Concrete Corp. v Preload Co.,* 30 AD2d 852, 853, affd 24 NY2d 904.) The same requirement should apply as to stay of execution pending a counterclaim. In the present case there has been absolutely no showing of merit to the counterclaim. There is merely a conclusory affidavit by an Assistant Corporation Counsel who obviously has no personal knowledge of the facts. In all other respects I agree with the majority of the court. Settle order on notice.