1977, rejected defendants' request for further adjournment, refused to vacate the defendants' default and directed an inquest which was held on that date. Throughout, defendants' counsel has manifested a callous disregard for the function of the trial court, while remaining sensitive to every other personal, legal and business commitment he had made over this six-month period. It is impossible to translate counsel's conduct into the type of excusable default contemplated by CPLR 5015 (subd [a], par 1); he has played the cavalier and procrastinated to his own detriment. Nevertheless, policy favors disposition of actions on the merits. Consequently, we have imposed the above conditions on the grant of the vacatur of the default judgment giving the defendants one last chance before they are "out of court" because of the outrageous tactics of their attorney. Concur—Lupiano, J. P., Birns, Silverman and Evans, JJ.

■ JUNIOR ASSOCIATES, INC., Respondent, v CITY OF NEW YORK, Appellant.—Order, Supreme Court, New York County, entered June 3, 1977, and judgment entered June 13, 1977, unanimously modified, on the law and in the exercise of discretion, to sever defendant's counterclaims and to stay execution of the judgment until adjudication of the counterclaims with leave to plaintiff to move to vacate the stay if the counterclaims are not brought to trial and resolved within a reasonable time, and otherwise the order and judgment are affirmed, without costs or disbursements. This disposition is made on constraint of *Knitcraft Foundations v City of New York* (58 AD2d 536). Concur—Birns, J. P., Silverman, Evans and Markewich, JJ.

■ 1995 BEDFORD REALTY COMPANY, Respondent, v CITY OF NEW YORK, Appellant.—Order, Supreme Court, New York County, entered June 3, 1977, and judgment entered June 13, 1977, unanimously modified, on the law and in the exercise of discretion, to sever defendant's counterclaims and to stay execution of the judgment until adjudication of the counterclaims with leave to plaintiff to move to vacate the stay if the counterclaims are not brought to trial and resolved within a reasonable time, and otherwise the order and judgment are affirmed, without costs or disbursements. This disposition is made on constraint of *Knitcraft Foundations v City of New York* (58 AD2d 536). Concur—Birns, J. P., Silverman, Evans and Markewich, JJ.

■ In the Matter of STEVEN SANFORD, Appellant, v JUDGES OF THE CRIMINAL COURT OF THE STATE OF NEW YORK et al., Respondents.—Judgment, Supreme Court, New York County, entered July 22, 1977, dismissing the petition is unanimously affirmed, without costs or disbursements. An article 78 proceeding in the nature of prohibition is not an appropriate remedy in this case. Concur—Birns, J. P., Silverman, Evans and Markewich, JJ.

■ In the Matter of NATHAN DAVIS, Respondent, v TEACHERS' RETIREMENT BOARD, Appellant.—Order and judgment (one paper), Supreme Court, New York County, entered May 10, 1977, granting the petition and directing respondent-appellant to publish and file the annual report for the fiscal year ended June 30, 1976, within one month from service of a copy of the judgment with notice of entry, is unanimously affirmed, without costs or disbursements. The time for compliance with the order and judgment is hereby extended to one month from the date of service upon respondent-appellant of a copy of the order hereon with notice of entry. Concur—Lupiano, J. P., Silverman, Evans and Markewich, JJ.