■ MISERENDINO, KRULL & FOLEY, Respondent, v MALCOLM L. CRUMP, Appellant.—Judgment unanimously modified, without costs, and matter remitted to Supreme Court, Erie County, for further proceedings in accordance with memorandum. Denman, J., not participating. Memorandum: The defendant contends that it was an abuse of discretion for Special Term to refuse to accept an admittedly untimely response to a notice to admit duly served pursuant to CPLR 3123 (subd [a]). He also asserts that there are triable issues of fact which preclude the entry of summary judgment pursuant to CPLR 3212 (subd [b]). Special Term granted summary judgment on the three causes of action alleged in plaintiff's second amended complaint, in the total sum of $15,003.30, together with interest and costs. Defendant's contentions are without merit. CPLR 3123 (subd [a]) deems admitted those matters concerning which an admission has been requested if the noticed party fails to serve a sworn statement of denial within 20 days, or within such further time as the court may allow. Defendant failed to proffer a response for 15 months. In the interim, neither the defendant nor his attorney made any effort to obtain an extension of time within which to respond to the notice. *Cazenovia Coll. v Patterson* (45 AD2d 501), upon which the defendant relies, is clearly distinguishable in that the answering party there inadvertently failed to address one of several enumerated items in a response which had otherwise been submitted in a timely fashion. Having deemed the matters in the notice admitted, Special Term properly considered the admissions on the motion for summary judgment *(Carlson v Travelers Ins. Co.,* 35 AD2d 351, 353; 3A Weinstein-Korn-Miller, NY Civ Prac, par 3123.15). Taken together, the pleadings the admissions, the plaintiff's supporting affidavits and the documentary proof support accelerated judgment with respect to each of plaintiff's three causes

of action (CPLR 3212, subd [b]). The documentary proof established the firm's representation of the defendant with respect to his withdrawal from the medical group and his separation from his wife. The admissions established the firm's representation of the defendant regarding a claim against the Massachusetts Casualty Insurance Company. The conclusory assertions of the defendant's affidavit in opposition, unsupported by documentary proof, are clearly insufficient to raise the triable issues of fact to resist accelerated judgment on the question of liability (CPLR 3212, subd [b]; *M & S Mercury Air Conditioning Corp. v Rodolitz,* 24 AD2d 873, affd 17 NY2d 908; *Strychalski v Mekus,* 54 AD2d 1068; *Two Clinton Sq. Corp. v Gorin Stores,* 51 AD2d 643). Summary judgment was not appropriate, however, with respect to the proof submitted on the issue of damages. The plaintiff law firm failed to submit conclusive evidence of its entitlement to the amounts demanded and thus it was error to award summary judgment for the sums alleged (CPL 3212, subd [b]; *Walski v Forma,* 54 AD2d 776). A trial is required solely on the issue of damages (CPLR 3212, subd [c]). (Appeal from judgment of the Erie Supreme Court—summary judgment.) Present—Marsh, P. J., Simons, Dillon, Denman and Witmer, JJ.