■ PUMP MAN INC., Appellant, v VILLAGE OF LAKE GEORGE, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered May 14, 1979 in Warren County, which granted in part and denied in part plaintiff's motion for partial summary judgment and to strike certain items from defendant's bill of particulars. The plaintiff commenced this action with a complaint which alleged that it performed "certain work, labor and services for the defendant, and furnished necessary material incidental thereto." It described the nature of the work and specified in paragraph 5 that "The fair and reasonable hourly wage * * * is * * * ($30.00) per mechanic hour." The complaint went on, in its paragraphs 6 and 7, to allege the specific items of labor and materials together with the prices therefor in accordance with the provisions of CPLR 3016 (subd [f]). The defendant specifically denied paragraph 5 of the complaint as to the hourly charge and also denied paragraph 9 of the complaint which alleged a total sum due. The defendant served a demand for a bill of particulars which sought, in its paragraphs 2, 4, 5 and 6, particulars relating to those matters itemized in paragraphs 6 and 7 of the complaint. However, the defendant had not in its answer complied with the provision of CPLR 3016 (subd [f]) which requires that "the defendant by his verified answer shall indicate specifically those items he disputes and whether in respect of delivery or performance, reasonable value or agreed price." Nevertheless, the defendant had by specifically denying paragraph 5 of the complaint sufficiently identified a controversy as to the reasonable value of the hourly wage specified. The plaintiff moved to strike the bill of particulars as to the above-mentioned demands and also for partial summary judgment as to the items demanded in paragraphs 6 and 7 of the complaint, except as to the hourly wage. Special Term granted summary judgment to the extent of finding that plaintiff "performed certain work, labor and services and provided certain material for the benefit of the defendant" and denied summary judgment to the extent requested as to paragraphs 6 and 7 of the complaint as well as the motion to strike the specified paragraphs of the bill of particulars. We agree with the plaintiff that the failure of the defendant to specifically deny or dispute in its answer anything other than the hourly wage specified in paragraph 6 of the complaint requires the conclusion that no issue was created as to the number of hours furnished or the material furnished and the reasonable price for such material. An allegation of a lack of knowledge or information sufficient to form a belief as to such itemized complaints is insufficient (cf. *Virginia Blue Ridge Ry. v Seely,* 33 AD2d 871), as, indeed, it

was undisputed that some work, services and materials were furnished. There being no issue of fact raised in the answer as to the items as specified in the plaintiff's motion, the motion should have been granted in its entirety. Order modified, on the law, by striking therefrom the second, third and fourth decretal paragraphs and substituting therefor provisions (1) granting plaintiff partial summary judgment on paragraph 7 of the complaint in the sum of $679.38 and on so much of paragraph 6 of the complaint as alleges that plaintiff performed 102.5 hours of labor; (2) ordering an inquest to determine the reasonable value of the labor cost in paragraph 6 of the complaint; (3) ordering that paragraphs 1, 2, 4, 5 and 6 of defendant's bill of particulars be stricken, and matter remitted to Special Term for further proceedings not inconsistent herewith, and, as so modified, affirmed, with costs to plaintiff. Sweeney, J. P., Kane, Staley, Jr., Main and Herlihy, JJ., concur.