■ MARINE MIDLAND BANK, Respondent, v ROBERT H. BURLEY, Appellant.—Judgment reversed, with costs, plaintiff's motion for summary judgment denied, defendant's motion to amend answer granted. Memorandum: Defendant appeals from a judgment granting summary judgment against him for the amount due on a consumer credit loan. In opposition to the motion he made a cross motion to amend his answer to set forth an affirmative defense and counterclaim based on alleged violations of the Federal Truth In Lending Act (US Code, tit 15, § 1601 *et seq.)* and regulation Z of the Board of Governors of the Federal Reserve System to allege that plaintiff informed defendant that credit disability insurance "would be required as a condition precedent to his getting a loan", but that the cost of the credit disability insurance was not included in the amount stated on the consumer credit contract as the "finance charge" as required by title 15 (§ 1605, subds [a], [b]) of the United States Code. In his opposing affidavit defendant states: "I was advised by the officer of the plaintiff with whom I dealt that because of my occupation *the loan would not be given to me unless I agreed to take out disability insurance."* (Emphasis added.) The consumer credit contract lists the premium for group credit disability insurance ($67.31) as a charge to the defendant which is included in the amount being financed ($3,471.84). The charge, however, is not included in the finance charge ($761.76). Had it been included in the finance charge, the loan would have looked less favorable to the borrower because the finance charge and the annual percentage rate of interest would have been higher (see *Woods v Beneficial Fin. Co. of Eugene,* 395 F Supp 9, 12; US Code, tit 15, § 1605, subd [a]; § 1606, subd [a]). Subdivision (b) of section 106 of the Truth In Lending Act (US Code, tit 15, § 1605, subd [b]) requires that: "Charges or premiums for credit life, accident, or health insurance written in connection with any consumer credit transaction *shall be* included in the finance charge *unless (1) the coverage of the debtor by the insurance is not a factor in the approval by the creditor of the extension of credit,* and *this fact is clearly disclosed in writing* to the person applying for or obtaining the extension of credit". (Emphasis added.) The parallel provision contained in regulation Z of the Board of Governors of the Federal Reserve System (12 CFR 226.4 [a] [5]) also provides that the "finance charge" must include "Charges or premiums for credit life, accident, health, or loss of income insurance, written in connection with any credit transaction *unless (i) The insurance coverage is not required by the creditor and this fact is clearly and conspicuously disclosed in writing* to the customer". (Emphasis added.) Thus, subdivision (b) of section 106 of the Truth In Lending Act (US Code, tit 15, § 1605, subd [b]) and regulation Z do not proscribe the practice of requiring credit life or disability insurance as a condition for the extension of credit, but if such insurance is in fact required as a condition of the loan, then the cost of the insurance must be included in the finance charge. (See *Copley v Rona Enterprises,* 423 F Supp 979, 983-984.) Plaintiff contends that defendant is precluded from proving that plaintiff required that defendant take out disability insurance as a condition of the loan and from offering evidence to show that the insurance was not in fact voluntary by the recitation in the consumer credit contract which states: "The purchase of Group Credit Insurance on Borrower Proposed for Insurance at a cost of

$44.53 for Group Credit Life Insurance and $67.31 for Group Credit Disability Insurance for the term of credit is voluntary and not required for credit. I want the Group Insurance checked above at the respective cost(s) stated." Plaintiff invokes the parol evidence rule and relies on *Anthony v Community Loan & Inv. Corp.* (559 F2d 1363). We find the parol evidence rule inapplicable. Defendant does not seek to offer oral proof to vary the terms of the contract between the parties. He does not dispute that he consented in writing to pay for the insurance. Rather, defendant seeks to prove as part of his statutory cause of action that his purchase of the insurance was required as a condition of his obtaining the loan notwithstanding the contrary recitation in the contract. Such proof would not be barred (cf. Richardson, Evidence [10th ed], §§ 609, 611). In *Anthony v Community Loan & Inv. Corp. (supra)* the court, while holding that the parol evidence rule barred the debtor's assertion that "she never requested or desired insurance coverage, but merely signed the documents when told to do so" *(Anthony v Community Loan & Inv. Corp., supra,* p 1369), makes clear that the debtor's affidavit "does not place in question whether the defendant 'required' purchase of credit life insurance coverage." *(Anthony v Community Loan & Inv. Corp., supra,* p 1370.) The allegations in defendant's affidavit, if proven, would bring the case within the rule as stated in *Mims v Dixie Fin. Corp.* (426 F Supp 627, 631) that where the debtor proves that the lender "specifically and unequivocally informed [him] that insurance is required" the contrary recital in the contract may be contradicted *(Mims v Dixie Fin. Corp., supra,* p 631). To allow defendant to introduce evidence that the credit disability insurance was in fact required by plaintiff and thereby pursue his Truth In Lending Act claim is consistent with the remedial intent of the Truth In Lending Act, i.e.: "that economic stabilization would be enhanced and the competition among the various financial institutions and other firms engaged in the extension of consumer credit would be strengthened by *the informed use of credit [which] results from an awareness of the cost thereof by consumers.* It is the purpose of this subchapter *to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit".* (US Code, tit 15, § 1601, subd [a]; emphasis added; see *Woods v Beneficial Fin. Co. of Eugene, supra,* p 12.) All concur, except Callahan and Moule, JJ., who dissent and vote to affirm the judgment, in the following memorandum.

Callahan and Moule, JJ. (dissenting). We dissent and vote to affirm Special Term in granting summary judgment to plaintiff. When defendant defaulted in the payments of his loan, plaintiff commenced this action seeking to recover the balance due. Defendant submitted an answer containing a general denial. Plaintiff moved for summary judgment and defendant in his answering affidavit did not contest his indebtedness but rather sought leave to interpose an amended answer containing an affirmative defense and counterclaim. In it defendant contended that plaintiff had violated the Federal Truth In Lending Act (TILA) and regulation Z of the Board of Governors of the Federal Reserve System by failing to include the cost of the credit insurance in the "finance charge" since the purchase of such insurance was not voluntary but required by the bank as a condition precedent to defendant's obtaining the loan. In the instant case the relevant provision of the contract expressly states that the purchase of group credit insurance "is voluntary and not required for credit." It also sets forth the cost of such insurance and contains a separate signature line on which defendant placed the date and signed his name in electing to purchase such

insurance. Thus, there was literal, technical compliance with the TILA and regulation Z. In *USLIFE Credit Corp. v Federal Trade Comm.* (599 F2d 1387) the Fifth Circuit reviewed the propriety of the printed language in a consumer credit contract as they related to the offering of credit insurance. On a review of the contract provision it found that there was literal, technical compliance with the provisions of the TILA and regulation Z and that this is all that is required in the absence of a claim of illiteracy, fraud or duress. Defendant here makes no such claim and Special Term by granting summary judgment to plaintiff found, as a matter of law, that there was literal, technical compliance in the language of the instant contract. In *Anthony v Community Loan & Inv. Corp.* (559 F2d 1363), relied upon by the majority, that court affirmed summary judgment in favor of a lender, on a case containing a similar provision in the security agreement ("I desire Credit Life and Disability Insurance at the cost of $137.39"). It further noted that the Fourth Circuit held a similar provision to be "clear and concise" and satisfied the disclosure requirements of regulation Z *(Doggett v Ritter Fin. Co. of Louisa,* 528 F2d 860). The majority maintain that the allegations in defendant's affidavit would bring the case within the rule stated by the Special Master in *Mims v Dixie Fin. Corp.* (426 F Supp 627). In *Mims* it was proposed that defendant need only state that he did not want the insurance, to have a review of the transaction. In this case defendant never claimed that he did not want the insurance. On the contrary, in his answering affidavit he stated that he has in fact made "a valid claim against Prudential Insurance Company of America which issued the Credit Disability Insurance Policy, in that my reason for nonpayment is that subsequent to my having obtained the loan and the referenced coverage I became disabled, and I intend to file a cross claim against Prudential." Defendant maintains that whether the consumer credit contract in issue in this case complied with the requirements of TILA and regulation Z was a question of fact on which he should have been permitted to offer proof. We disagree. The court need merely examine the face of the contract to determine whether or not there has been compliance with the TILA and regulation Z. The question is one of law, not of fact. Defendant seeks to interpose a counterclaim that is solely statutory in nature. If successful, he would be entitled to a maximum recovery of $1,000, which is far less than the sum demanded in plaintiff's complaint. It is well settled that the mere assertion of a counterclaim, unsupported by meritorious proof, does not bar summary judgment relief for a plaintiff who is otherwise entitled to it *(Two Clinton Sq. Corp. v Gorin Stores,* 51 AD2d 643, 645; *M & S Mercury Air Conditioning Corp. v Rodolitz,* 24 AD2d 873, affd 17 NY2d 909). Defendant was required to reveal his proof in support of the alleged counterclaim. Upon review of the record we find that defendant failed to meet his burden and, therefore, summary judgment in favor of plaintiff was properly granted *(Sullivan County Nat. Bank of Liberty v Mason,* 67 AD2d 1045). (Appeal from judgment of Niagara Supreme Court—summary judgment.) Present— Cardamone, J. P., Hancock, Jr., Schnepp, Callahan and Moule, JJ.