■ Lloyd Brody, Appellant, v Sheryl Soroka et al., Respondents.—In an action, *inter alia,* to recover on a debt, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Robbins, J.), dated November 28, 1989, as denied in part his motion for summary judgment.

Ordered that the order is modified, on the law, by (1)

deleting the provision thereof which denied that branch of the plaintiff's motion which was for summary judgment on his first cause of action, and substituting therefor a provision granting that branch of the plaintiff's motion which was for summary judgment on his first cause of action, (2) adding a provision that upon searching the record pursuant to CPLR 3212 (b), the plaintiff's second cause of action is dismissed, (3) deleting the provision thereof which denied that branch of the plaintiff's motion which was to dismiss the defendants' second affirmative defense, and substituting therefor a provision granting that branch of the motion, and (4) adding a provision that the plaintiff's third through fifth causes of action, and the defendants' three counterclaims are severed; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate judgment in the plaintiff's favor in the principal sum of $45,000, against Megreggles, Inc., with interest from March 31, 1989.

On February 28, 1989, the plaintiff, Lloyd Brody, gave defendant Sheryl Soroka a $45,000 teller's check with the object of purchasing shares in a bagel delicatessen that Soroka was buying on Austin Street in Forest Hills, Queens. According to an undated agreement, apparently entered into at about the same time, the plaintiff agreed to loan Megreggles, Inc., Soroka's corporation, the money on the understanding that Megreggles, Inc., would issue him 60 shares, or 30% of the corporation's stock pursuant to a shareholder's agreement to be executed within 30 days, or the money would be returned. Any shareholder's agreement was to include a declaration of the plaintiff's right to require Soroka or the Corporation to buy back his shares at the original purchase price within one year of their date of issue. No final shareholder's agreement was ever signed, but the defendants refused to return the plaintiff's $45,000. The plaintiff's motion for summary judgment was denied and he appealed.

"The first and best rule of construction of every contract, and the only rule we need here, is that, when the terms of a written contract are clear and unambiguous, the intent of the parties must be found therein" (Nichols v Nichols, 306 NY 490, 496; see, Breed v Insurance Co., 46 NY2d 351). By the plain language of the agreement at bar, it was the intention of the parties that Megreggles, Inc., would return Brody's $45,000, if within 30 days the parties had not entered into a signed shareholder's agreement. Since it is undisputed that no such written shareholder's agreement was executed within 30

days, Megreggles, Inc., is summarily directed to return Brody's $45,000, with interest from March 31, 1989.

Upon searching the record pursuant to CPLR 3212 (b), we find that the plaintiff's second cause of action, to require Megreggles, Inc., or Soroka to repurchase his shares for their original purchase price, must be dismissed because the plaintiff never became a shareholder. The defendants' second affirmative defense, to the effect that the plaintiff breached some unspecified provision of an unidentified contract, must also be dismissed, because it fails to state a cognizable defense to the unqualified covenant in the parties' independent written agreement that Brody was entitled to repayment of his money if no shareholder's agreement was entered into within 30 days *(cf., Rosenthal Paper Co. v National Folding Box & Paper Co.,* 226 NY 313). The defense should also be dismissed because it is "totally bereft of factual data," "merely plead[ing] conclusions of law without supporting facts" *(Glenesk v Guidance Realty Corp.,* 36 AD2d 852, 853).

Since "[t]he mere assertion of a counterclaim, unsupported by proof that it is meritorious, does not bar relief to a plaintiff who is otherwise entitled to summary judgment" *(M & S Mercury Air Conditioning Corp. v Rodolitz,* 24 AD2d 873, 874, *affd* 17 NY2d 909), the defendants' counterclaims, along with plaintiff's third through fifth causes of action, are severed for further proceedings in the Supreme Court, Nassau County. Thompson, J. P., Brown, Kunzeman and Balletta, JJ., concur.