■ ROBERT M. MARINELLI, Respondent, v GEORGE SHIFRIN, Appellant. [688 NYS2d 72] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered June 27, 1997, which granted plaintiff's motion for partial summary judgment on his

second cause of action, denied defendant's motion to amend his answer, and severed the balance of the action, unanimously affirmed, without costs.

In this action to recover for labor and services performed in conjunction with the renovation and interior design of defendant's apartment, the second cause of action of plaintiff's verified complaint sets forth "the items of his claim and the reasonable value or agreed price of each" (CPLR 3016 [f]). Plaintiff moved for partial summary judgment pursuant to CPLR 3212 predicated on defendant's failure to specify, in his verified answer, "those items he disputes and whether in respect of delivery or performance, reasonable value or agreed price" (CPLR 3016 [f]). The motion is supported by plaintiff's affidavit and the affirmation of his attorney.

In response to plaintiff's motion, defendant's attorney submitted an opposing affirmation, in which he argued that defendant's counterclaims go "to the very heart of this case" and that summary judgment should not be granted where the opposing claims are intertwined (citing *Wolosoff v Wolosoff*, 54 AD2d 651). In addition, defendant, by his attorney, sought leave to amend his answer (which had been verified by counsel) to include the requisite itemization pursuant to CPLR 3016 (f). This application was also supported by counsel's affirmation in addition to the proposed amended answer, which was again verified by counsel. Supreme Court granted plaintiff's motion for partial summary judgment and denied leave to amend the answer, stating, "No showing whatsoever is made of the merits of the proposed amended pleading."

Defendant appeals from each and every part of this order. He argues that Supreme Court erred in denying his application for leave to amend the answer. In opposition, plaintiff contends, as he did before Supreme Court, that defendant's various submissions are insufficient either to oppose the motion for partial summary judgment or to support the application for leave to amend the answer.

On appeal, defendant confines his arguments to the Supreme Court's denial of leave to amend the pleadings. In so doing, he fails to advance any reason why partial summary judgment was improperly granted to plaintiff. In fact, by neglecting to "produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact" (*Zuckerman v City of New York*, 49 NY2d 557, 562), defendant has failed to oppose plaintiff's summary judgment motion. It is well settled that "the opposing affidavit should indicate that it is being made by one having personal knowledge of the facts" (*Capelin*

*Assocs. v Globe Mfg. Corp.*, 34 NY2d 338, 342) and, therefore, the affidavit of counsel is of no probative value in opposing a motion for summary judgment (*Hasbrouck v City of Gloversville*, 102 AD2d 905, *affd* 63 NY2d 916; *Farragut Gardens No. 5 v Milrot*, 23 AD2d 889). As stated in *Indig v Finkelstein* (23 NY2d 728, 729), "The burden upon a party opposing a motion for summary judgment is not met merely by a repetition or incorporation by reference of the allegations contained in pleadings or bills of particulars, verified or unverified" (citations omitted).

Regarding defendant's contention that Supreme Court erred in denying his motion to amend the answer, the same evidentiary rules are applicable. As this Court stated the principle, a motion for leave to amend a pleading "must be supported by an affidavit of merits and evidentiary proof that could be considered upon a motion for summary judgment" (*Nab-Tern Constructors v City of New York*, 123 AD2d 571, 572, citing *Walden v Nowinski*, 63 AD2d 586; *see also, Non-Linear Trading Co. v Braddis Assocs.*, 243 AD2d 107, 116; *Cushman & Wakefield v John David, Inc.*, 25 AD2d 133). Moreover, this Court has expressly held that an amended pleading, verified by counsel, together with counsel's opposing affirmation are insufficient to defeat a summary judgment motion (*Sing Ping Cheung v City of New York*, 234 AD2d 91; *see also, Martinez v Columbia Presbyt. Med. Ctr.*, 238 AD2d 286, 287).

Contrary to defendant's contention, the mere assertion of counterclaims does not operate to preclude the award of accelerated judgment. In a similar case, also predicated on CPLR 3016 (f), the Appellate Division, Fourth Department, granted summary judgment to the plaintiff, despite finding that the amended answer raised issues of fact. The Court emphasized that "the affidavits in response to plaintiff's motion for summary judgment do not establish any bona fide triable issue", applying the settled rule that "[t]he verification and affidavit by defendant's attorney who lacked personal knowledge of the facts have no probative value and were properly disregarded" (*Two Clinton Sq. Corp. v Gorin Stores*, 51 AD2d 643, 644 [citing *Israelson v Rubin*, 20 AD2d 668, *affd* 14 NY2d 887; *Di Sabato v Soffes*, 9 AD2d 297]). The Court further held (at 645) that "the mere assertion of a counterclaim unsupported by proof of its merit will not defeat summary judgment on an otherwise meritorious claim" (citing *M & S Mercury Air Conditioning Corp. v Rodolitz*, 24 AD2d 873, *affd* 17 NY2d 909; *Duban v Platt*, 23 AD2d 660, *affd* 17 NY2d 526).

In sum, defendant's opposition to plaintiff's motion is insuf-

ficient to defeat summary judgment as a matter of law. In addition, his motion to amend the answer is unsupported by the necessary affidavit of merits. Concur—Nardelli, J. P., Wallach, Lerner and Rubin, JJ.