OPINION OF THE COURT
Lewis J. Lubell, J.
*564 Plaintiffs commenced this action for equitable and declaratory relief and money damages in connection with, among other things, certain written agreements executed by plaintiff Alan J. Ross and defendant Steven Sherman concerning certain real property located in Chester, New York (the Riley Road property). Plaintiffs’ instant motion for summary judgment follows the court’s (Giacomo, J.) decision and order of December 4, 2007, wherein the court granted plaintiffs partial summary judgment to the extent of:
“DECLARING] AND ORDERING] that: (1) Lina [LLC] is the owner of the Riley Road Property; (2) [Steven] Sherman has assigned all of his right, title and interest in the Riley Road Property to Lina [LLC]; (3) Lina [LLC] is entitled to specific performance of [Steven] Sherman’s obligation to transfer his interest in the Riley Road Property to Lina [LLC]; and (4) defendants are estopped from contesting that Linda Ross has the exclusive right to market the Riley Road Property for sale.”
Plaintiffs now move for summary judgment on their remaining claims for breach of contract, breach of fiduciary duty, and breach of the implied covenant of good faith and fair dealing. The principal evidentiary grounds upon which the motion rests are defendants’ alleged admissions by default to plaintiffs’ June 5, 2008 purported notice to admit (see CPLR 3123).
The threshold question, however, is whether the June 5, 2008 document bearing the caption of this action and which is entitled “Notice to Admit” constitutes a notice to admit under CPLR 3123 such that defendants’ nonresponse to same within 20 days of service thereof constitutes an admission of “[e]ach of the matters of which an admission is requested” (CPLR 3123 [a]). The court concludes that it does not.
Although the June 5, 2008 document bears the caption of the action and has the words “Notice to Admit” underlined and typed in bold just above the index number which is located to the right of the caption, there is neither any reference to CPLR 3123 nor, for that matter, any other statutory authority. While such an omission would not, in and of itself, be determinative of the issue, there are other factors which play a role in the court’s determination.
An examination of the introductory paragraph to the 48 enumerated statements to which admissions are allegedly sought reads as follows:
*565 “PLEASE TAKE NOTICE, that plaintiffs . . . hereby appear in the above entitled action, and that the undersigned has been retained as attorneys for said[plaintiffs] and hereby waive[ ] service of all papers and of notices of all proceedings in the action except, all motions and court appearances, notice of sale and notice of proceedings to obtain surplus monies.”
This language is in stark contrast to the introductory and instructional language that one might expect to find in a notice to admit, such as, for example: “PLEASE TAKE NOTICE that pursuant to CPLR § 3123, you are hereby requested to furnish to the undersigned, within twenty (20) days after the service of this notice, a written admission to the following facts:” (Haig, Commercial Litigation in New York State Courts § 25:19 [3 West’s NY Prac Series 2d ed]).
The effect of “[a]ny admission made, or deemed to be made, by a party pursuant to a request made under this rule [CPLR 3123] is for the purpose of the pending action only” (CPLR 3123 [b]). Nonetheless, the importance and potential consequences of such admissions cannot be ignored. For example, it is proper for the court to take into account deemed admissions upon consideration of a motion for summary judgment (Miserendino, Krull & Foley v Crump, 64 AD2d 842, 842-843 [4th Dept 1978], citing Carlson v Travelers Ins. Co., 35 AD2d 351, 353 [2d Dept 1970]; 3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3123.135), as is herein requested by plaintiffs. The depth of such admissions are equally consequential, going so far as to bind one even upon appeal (see Matter of Cohn, 46 AD3d 680, 681 [2d Dept 2007] [facts set forth in five notices to admit to which party failed to respond are deemed true for the purpose of appeal]; see also Carlson v Travelers Ins. Co., 35 AD2d 351 [1970]).
Given the potential and far-reaching consequences of a section 3123 deemed admission, the court finds that any ambiguity in papers purporting to constitute a section 3123 notice to admit must be construed against the drafter, here plaintiffs.
With that in mind and upon taking into account the absence of any reference to CPLR 3123, the lack of any written notice as to what the forwarding party is demanding of the recipient (see e.g. Haig, Commercial Litigation in New York State Courts § 25:19 [3 West’s NY Prac Series 2d ed], supra), and upon consideration of the introductory language actually present *566 therein, the court concludes that the subject “Notice to Admit” does not constitute a notice to admit within the statutory meaning, spirit or intent of CPLR 3123. As such, no legal consequences flow under CPLR 3123 from defendants’ failure to have responded to same.
Since the absence of the desired deemed admissions is fatal to plaintiffs’ motion for summary judgment, the motion is hereby denied.