James H. Boomer, J.
This action to compel specific performance of a contract or for money damages was tried before me without a jury and this is my decision as required by CPLB 4213.
Plaintiff James Aquavella and defendant Salmon Harvey, both physicians, had been associated as partners in the operation of the Glen Oaks Nursing Home and they each had owned one half of the stock in Arista Development Corporation, which held the title to the real estate used by the partnership for the operation of the nursing home. Certain financial problems developed and by written agreement dated August 8,1969, plaintiff Aquavella assigned his entire interest in the partnership, as well as all of his shares of the Arista Development Corporation stock, to Harvey. The agreement further provided in part:
“6. (a) Harvey agrees to exercise his power as the sole stockholder of Arista to have Arista assume and satisfy each and every debt, obligation, demand, claim, suit, damage, loss and/or liability of Arista incurred before or after this agreement of any kind or nature whatsoever, absolute or contingent, and
“ (b) Harvey agrees to exercise his power as the sole stockholder of Arista to have Arista hold Aquavella harmless and indemnify him against any collection thereon, including any legal fees and expenses of defense resulting to Aquavella therefrom, and
“ (c) Harvey agrees to exercise his power as the sole shareholder of Arista to have Arista defend, at its own expense, any action which may be brought thereon, and to pay and discharge any judgment or decree of arbitration or settlement which may be obtained against Aquavella by reason thereof, and, furthermore,
“ (d) Harvey agrees that if Arista shall fail to assume and satisfy, hold harmless and indemnify, and/or defend, pay and discharge, as set forth above, he, Harvey, will personally so assume and satisfy, hold harmless and indemnify, and/or defend, pay and discharge as set forth above.”
Prior to August 8, 1969, the law firm of Nixon, Hargrave, Devans & Doyle performed certain legal services for Arista at its request and submitted to Arista statements therefor totaling $9,719.32, which amount I find to be the reasonable value of the legal services rendered to Arista. Also prior to August 8, 1969, Arista ordered and received from James Johnston Agency, Inc., certain insurance policies and thereby became indebted to James Johnston Agency, Inc. in the amount of $2,900 for the premiums *608 due on these policies. Neither Arista nor Harvey has paid these obligations and plaintiff brings this action to compel Harvey to satisfy these obligations of Arista, or in the alternative for a money judgment against Harvey in the sum of $12,619.32, the total of these obligations.
Harvey defends this action claiming that plaintiff cannot have a money judgment because plaintiff is not personally obligated to pay the obligations of Arista and, therefore, has suffered no damage. Harvey also claims that an action for specific performance will not lie because, under the agreement, Harvey’s obligation to pay the debts of Arista does not arise until the creditors obtain a judgment against Arista. If Harvey merely agreed to indemnify the plaintiff, these contentions might be correct. But the provisions of the August 8 agreement (whereby Harvey agreed to exercise his power as the sole stockholder of Arista to have Arista satisfy the debts of Arista and that if Arista failed to satisfy its debts, Harvey would personally assume and satisfy them) made Harvey more than an indemnitor. By this agreement Harvey undertook a positive obligation to assume the debts of Arista (Trinity Church v. Higgins, 48 N. Y. 532); he became a guarantor of payment of those debts.
A “ guaranty ” is “ a collateral promise or undertaking by one person to answer for the payment of some debt or the performance of some contract or duty in the case of default of another person, who in the first instance is liable for such payment or performance; a collateral promise or undertaking to pay a debt owing by a third person in case the latter does not pay” (38 C. J. S., Guaranty, § 1). Whether the guarantor “ is a guarantor of payment or a guarantor of collection depends upon the intention of the parties as expressed in the surety contract. If he binds himself to pay immediately upon default of the debtor, he becomes a guarantor of payment; if he binds himself to pay only after all attempts to obtain payment from the debtor have failed, he becomes a guarantor of collection.” (General Phoenix Corp. v. Cabot, 300 N. Y. 87, 92.)
In the case of a guarantee of payment, no steps need be taken to collect from the principal debtor before an action may be commenced against the guarantor (McMurray v. Noyes, 72 N. Y. 523, 525). Of course, before the guarantor is obligated to pay, the principal debtor must be in default. Default of the principal debtor does not constitute a condition making the guarantee one of collection rather than payment, for “ Such default is the very foundation of the guaranty and the contingency against which the guaranty is made.” (Squires v. Hoffman, 278 S. W. *609 803, 804 [Mo. App., 1926].) “In case of a guaranty of payment the guarantor’s liability accrues on the date the guaranteed debt or a part thereof becomes due according to the terms of the contract, and the principal fails to pay * * * or, in the absence of a fixed time after a reasonable time for payment.” (38 C. J. S., Guaranty, § 66.)
Here, the legal services were performed for Arista prior to August 8, 1969. Statements were sent to Arista on September 14, 1969, October 17, 1969, December 10, 1969, February 11, 1970, April 6, 1970, May 18, 1970, June 22, 1970, August 3, 1970, and September 14, 1970. There can be no doubt that in September, 1970, when the action was commenced, Arista was in default in the payment for these legal services, since it had not paid for them within a reasonable time after they were rendered. Harvey was then liable, therefore, on his guarantee contained in the agreement of August 8, 1969.
James Johnston Agency, Inc., delivered the insurance policies to Arista prior to August 8,1969. In payment for these policies, Arista mailed to James Johnston Agency, Inc. three checks for $1,000 each, one dated July 22, 1969, another dated August 5, 1969, and the third dated August 19, 1969. All three checks were returned to James Johnston Agency, Inc. by the bank because of “insufficient funds.” Unquestionably, when this action was commenced in September, 1970, Arista was in default on its obligation to James Johnston Agency, Inc.
I hold, therefore, that Harvey is liable as a guarantor of payment of the obligations owed by Arista to Nixon, Hargrave, Devans & Doyle and to James Johnston Agency, Inc., and there is no requirement that efforts be made by these creditors to collect from the primary debtor, Arista.
There is no merit to Harvey’s contention that the plaintiff Aquavella may not succeed in this action because he, Aquavella, can show no damage. It is true that the plaintiff could suffer no monetary damage by reason of Arista’s default, since he was not personally obligated for the debts of Arista. Nevertheless, when he transferred his interest in the corporation to Harvey, plaintiff bargained for the guarantee of payment by Harvey of Arista’s debts. As a stockholder and officer of Arista, the plaintiff Aquavella had dealt with the attorneys who furnished the legal services to Arista and he had dealt with the employees of James Johnston Agency, Inc., who delivered the insurance policies to Arista. Both the law firm and the insurance agency were located in Rochester, New York, where plaintiff resides, whereas the defendant Harvey resided *610 some distance from Rochester. It was natural, therefore, for plaintiff, when parting with his interest in the corporation, to insure payment of the corporate debts, particularly those owing to persons with whom he might continue to do business personally. While plaintiff may not recover a money judgment because he himself has not suffered monetary damages, there is no reason why he is not entitled to a judgment compelling the defendant Harvey to perform under his contract of August 8 by paying the debts owed by Arista to Nixon, Hargrave, Devans & Doyle and to James Johnston Agency, Inc. “ The contract is with the promisee and the promisor was under an equitable obligation to him to perform. The promisee, while not financially interested in the result, except as to the question of costs, is interested in asserting the duty of the promisor to carry out the terms of the contract. ‘ Equity insists upon the conscientious obligations of the suitors. ’ Otherwise we must hold that a promisee who has parted with a substantial sum in exchange for the promise of another to pay a similar amount to third party beneficiaries is remediless. ’ ’ (Croker v. New York Trust Co., 245 N. Y. 17, 20.)
Judgment for specific performance is granted directing the defendant Harvey to pay to Nixon, Hargrave, Devans & Doyle the sum of $9,719.32, with interest from September 14, 1969, and to James Johnston Agency, Inc., the sum of $2,900, with interest from August 19, 1969, in full payment for all sums owed by Arista to these creditors. If defendant Harvey shall not make these payments in full within 30 days of the service of an order upon him, plaintiff Aquavella may apply for judgment for any unpaid amounts and when collected shall hold such amounts in trust for the creditors named above (Johnson Serv. Co. v. Monin, Inc., 253 N. Y. 417, 422).
Submit order.