■ JOSEPH CANDELO, as Parent and Natural Guardian of EDWARD CANDELO, an Infant, Respondent, v TOWN OF STILLWATER et al., Defendants, and CITY OF MECHANICVILLE, Appellant. — Appeals (1) from an order of the Supreme Court at Special Term (Kahn, J.), entered November 16, 1981 in Rensselaer County, which granted plaintiffs' motion for a default judgment against defendant City of Mechanicville, and (2) from an order of said court, entered March 4, 1982 in Rensselaer County, which denied defendant City of Mechanicville's motion to renew. The infant plaintiff was injured on May 6, 1979 while riding his bicycle along East Street in the City of Mechanicville. A notice of claim was duly served upon the city and, on July 8, 1980, the city was served with a summons and verified complaint. Six months following such service plaintiff's attorney wrote to the city's Mayor advising that a default judgment would be entered

unless an appearance and answer was forthcoming. On March 3, 1981, in a telephone conversation between plaintiff's attorney and the corporation counsel for the city, it was agreed that the municipality would have a 20-day extension from the date of the call to file an answer. Despite disagreements between the parties as to the contents of a letter written by plaintiff's counsel to the city and whether additional telephone calls were made regarding the length of the extension to file an answer, the clear, undeniable fact is that the city did not serve an answer until 11 months after the summons and verified complaint had been served. Special Term, upon plaintiff's motion, ordered that a default judgment be entered against the City of Mechanicville, severed the action against the city from those actions against the other named defendants, and referred the severed action to a trial part of the Supreme Court for an assessment of damages. Special Term subsequently denied the City of Mechanicville's motion to renew. These appeals by the city ensued. The Court of Appeals in *Eaton v Equitable Life Assur. Soc. of U. S.* (56 NY2d 900) clearly enunciated the principle that each party to an action is entitled to expect the other to observe time requirements during the course of litigation. The failure of any party in this regard constitutes law office failure, the consequence of which, as here where an answer has not been timely filed, is the entry of judgment against the defaulting party. The effect of *Eaton* (*supra*) is to remove from appellate review the issue of discretion. The consequence of inaction follows as a matter of law. Orders affirmed, without costs. Mahoney, P. J., Mikoll, Yesawich, Jr., and Levine, JJ., concur.