■ IRENE M. KROGH, Appellant, v K-MART CORPORATION et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Cobb, J.), entered February 17, 1982 in Albany County, which denied plaintiff's motion for a default judgment against defendant K-Mart Corporation and granted defendant K-Mart Corporation's cross motion for an order relieving it of its default in answering. Plaintiff was injured on December 19, 1980 when she fell outside defendant K-Mart Corporation's (defendant's) store in Colonie, New York. On March 16, 1981, plaintiff commenced an action by service of a summons and complaint on the Secretary of State. When defendant thereafter received the summons and complaint, it promptly forwarded them to its claim representatives, Underwriters Adjusting Company. On April 2, 1981, an adjuster with Underwriters requested and was granted a 60-day extension of time in which to serve an answer. On September 2, 1981, three months after this 60-day extension had expired, plaintiff brought a motion for default judgment against defendant. Special Term denied plaintiff's motion and granted defendant's cross motion for an order vacating its default and granting it leave to serve an answer. Plaintiff has appealed. Nothing in the correspondence between the adjuster and plaintiff indicated that more than a 60-day extension had been agreed to, and, in fact, there was some indication that plaintiff might withdraw the 60-day extension. The only excuse which defendant proffered for its delay, that it believed a formal appearance would be deferred until it had received plaintiff's medical information, is akin to law office failure (*Bernard v City School Dist. of Albany,* 89 AD2d 676; *Bruno v Village of Port Chester,* 77 AD2d 580, app dsmd 51 NY2d 769). Accordingly, Special Term abused its discretion as a matter of law by vacating defendant's default (*Eaton v Equitable Life Assur. Soc. of U. S.,* 56 NY2d 900; *Candelo v Town of Stillwater,* 91 AD2d 706). Order reversed, on the law, with costs, motion by plaintiff granted and cross motion by defendant denied. Main, Mikoll and Levine, JJ., concur; Kane, J. P., and Yesawich, Jr., J., dissent and vote to affirm in the following memorandum by Kane, J. P.

Kane, J. P. (dissenting). We respectfully dissent. In his affidavit in support of the cross motion, the claims representative for defendant's insurance carrier states that based upon his reading of a letter sent from plaintiff's attorney, dated April 29, 1981, it was his belief that pending the exchange of certain information a formal appearance on behalf of defendant in this litigation would be deferred. In this letter, plaintiff's attorney stated that "we would appreciate having your cooperation in furnishing the [requested information], otherwise our only alternative is to demand an appearance". No demand was made and defendant had no notice of plaintiff's change in position until plaintiff made the instant motion for a default judgment. Under these circumstances, we find that defendant offered a reasonable excuse for the delay in answering. Since defendant's interpretation of the letter was reasonable, we are unable to agree with the majority that defendant's excuse is akin to law office failure. Moreover, as we also agree with Special Term that defendant has demonstrated a meritorious defense, we would affirm.