■ RONDOUT VALLEY PUBLISHING COMPANY, INC., Appellant, v AM INTERNATIONAL, INC., Respondent. — Appeal from an order of the Supreme Court at Special Term (Klein, J.), entered August 18, 1982 in Ulster County, which granted defendant's motion to vacate a default judgment. In June, 1981, plaintiff commenced the present action based on breach of warranty involving a typesetter purchased from defendant. Plaintiff sought to recover damages for unnecessary costs, lost profits, duplication of printing, lost customers and other resulting costs, expenses and lost production time. The parties' attorneys attempted to negotiate a settlement and by letter dated November 9, 1981, plaintiff's attorney notified defendant's attorneys that the action was to be settled or the answer postmarked on or before November 30, 1981 or a default judgment would be taken. No further negotiations took place nor was the

answer served by defendant by November 30, 1981 and plaintiff entered a default judgment on December 8, 1981. On January 21, 1982, defendant attempted to serve an answer on plaintiff but plaintiff refused to accept service thereof. Thereafter, defendant made a motion to vacate the default judgment and plaintiff made a cross motion for an order pursuant to CPLR 3215 directing the entry of judgment in favor of plaintiff and an assessment of plaintiff's damages. Special Term granted defendant's motion to vacate the default judgment and this appeal ensued. In order to vacate a default judgment pursuant to CPLR 5015 (subd [a], par 1), the moving party must show a valid excuse for the default, a meritorious defense and the absence of willfulness (*Marine Midland Bank v Tooker,* 78 AD2d 755). The sole excuse offered by defendant for its failure to timely answer was that settlement negotiations were taking place. It is clear from the record, however, that no negotiations took place after receipt of the letter of November 9, 1981 from plaintiff's attorney setting November 30, 1981 as the final date on which defendant could timely answer. Defendant has not adequately explained its failure to heed the letter of November 9, 1981 or move for an extension pursuant to CPLR 2004 (see *Brown v McGraw-Edison Co.,* 89 AD2d 755). In the absence of a valid excuse for the default, Special Term abused its discretion in granting defendant's motion to vacate the default so as to allow defendant to interpose an answer. The damages sought by plaintiff, however, are not for a sum certain or for a sum which could by computation be made certain, and extrinsic proof is necessary to ascertain the damages (see *Reynolds Securities v Underwriters Bank & Trust Co.,* 44 NY2d 568). Accordingly, an inquest must be held for an assessment of the damages (*Falso v Norton,* 89 AD2d 635). The order, therefore, must be modified so as to reverse so much thereof as permitted defendant to interpose an answer and the matter remitted to the Supreme Court, Ulster County, for the purpose of conducting an assessment as to the damages recoverable. Order modified, on the law and the facts, by reversing so much thereof as permitted defendant to interpose an answer to the complaint, and by granting plaintiff's motion for judgment pursuant to CPLR 3215 (subd [a]), and matter remitted to the Supreme Court, Ulster County, for further proceedings in accordance with CPLR 3215 (subd [b]), and, as so modified, affirmed, without costs. Sweeney, J. P., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.