■ THOMAS S. WEST et al., Respondents, v SERVICE LEASING, INC., et al., Appellants, et al., Defendant. — Appeal from an order of the Supreme Court at Special Term (Viscardi, J.), entered August 31, 1982 in Schenectady County, which granted plaintiffs' motion for judgment as demanded in the complaint as against three defendants and for an assessment of damages by the court and further severed the action as against the remaining defendant. This is an action to recover for personal injuries sustained by plaintiffs on July 7, 1979 as a result of a helicopter crash. The action was commenced in October, 1980. The first of 11 stipulations to extend the time to answer is dated November 20, 1980. The last extension to March 15, 1982 was changed to March 31, 1982 due to a scheduled meeting to discuss settlement. When it became evident at this meeting that the case could not be settled, plaintiffs' counsel advised all defense attorneys that there would be no further extensions of time to answer. Thereafter, the attorney for defendant Marco called plaintiffs' attorneys' office and obtained for defendant Marco a further five-day extension until April 5, 1982. Although no such request was made by the other defendants, their answer was received on April 8, 1982 in an envelope postmarked April 5, 1982. It was returned as untimely and plaintiffs then moved for a default judgment. Special Term, on the basis of *Eaton v Equitable Life Assur. Soc. of U. S.* (56 NY2d 900), granted the motion. This appeal ensued. This is yet another case in the avalanche of cases precipitated by the *Barasch* (*Barasch v Micucci,* 49 NY2d 594) and *Eaton* decisions. Here defendants, as in *Eaton,* failed to serve a timely answer and the court in *Eaton* has specifically stated that where such is due to law office failure it would be an abuse of discretion to vacate the default. It is clear from the record that defendants' attorneys were present when plaintiffs' attorney stated there would be no further extension to answer. Defendants' attorney, in an affidavit, referred to plaintiffs' attorney's "personal pique" at the breakdown of settlement talks as the reason for the motion for a default judgment. In spite of this realization, defendants' attorney did not request a further extension. He merely assumed that since the attorney for defendant Marco asked for and received a further extension for five days, he also had one. He ignored the March 31, 1982 deadline to answer. Considering the record in its entirety, there must be an affirmance (see *Rondout Val. Pub. Co. v AM Int.,* 93 AD2d 912). Order affirmed, with costs. Sweeney, J. P., Kane, Main, Casey and Weiss, JJ., concur.