STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, v JAMES T. VIGER, Appellant, and ROBERT J. ARMSTRONG, Respondent.

Third Department, July 14, 1983

APPEARANCES OF COUNSEL

*Bayer & Smith* (*Harold C. Bayer* of counsel), for State Farm Mutual Automobile Insurance Company, appellant.

*Carter, Conboy, Bardwell, Case & Blackmore* for James T. Viger, appellant.

*Morton D. Shulman* for respondent.

**OPINION OF THE COURT**

WEISS, J.

This is an action for attorney malpractice resulting from defendants' alleged negligence in representing plaintiff in an action for a declaratory judgment against plaintiff brought by one Robert S. Stewart concerning an issue of

coverage under an automobile insurance policy. A default judgment in Stewart's favor was affirmed by this court (*Stewart v State Farm Mut. Auto. Ins. Co.,* 71 AD2d 705, adhered to on rearg 72 AD2d 978, mot for lv to app dsmd 48 NY2d 1014). Defendant Viger alleged that he employed Armstrong as an attorney to defend the Stewart action but that Armstrong failed to timely serve the answer resulting in the default judgment against plaintiff. In this action, the complaint was served on defendant Armstrong on August 31, 1981 and Armstrong obtained an extension of time in which to answer until October 17, 1981. On October 23, 1981, plaintiff's attorney advised Armstrong that he was in default and that an answer would not be accepted. Thereafter, plaintiff moved for entry of a default judgment and defendant Armstrong cross-moved for leave to serve a late answer. The issue is whether Special Term correctly exercised its discretion in denying the motion for default judgment and granting Armstrong leave to serve an answer by accepting as an excuse Armstrong's major depressive disorder, and finding the absence of prejudice to plaintiff.

There should be an affirmance. Consistent with the general rule of appellate review, we decide this case on the basis of the law as it exists today (*Matter of Board of Trustees of Maplewood-Colonie Common School Dist.* [*Maplewood Teachers' Assn.*], 57 NY2d 1025, 1027; *Matter of Hodes v Axelrod,* 56 NY2d 930, 932). Recently, the Legislature has decreed by chapter 318 of the Laws of 1983 (amdg CPLR by adding new § 2005 and a new subd [d] to § 3012) that upon an application for an extension of time in which to appear or plead, a court "shall not, as a matter of law, be precluded from exercising its discretion in the interests of justice to excuse delay or default resulting from law office failure" (L 1983, ch 318, § 1, eff June 21, 1983). This legislation is remedial in nature, applies retroactively and essentially nullifies the holdings of the Court of Appeals in *Barasch v Micucci* (49 NY2d 594) and *Eaton v Equitable Life Assur. Soc. of U. S.* (56 NY2d 900), which held that a trial court was without discretion, as a matter of law, to excuse pleading delays or defaults resulting from law office

failure. Accordingly, we review the instant determination under the new legislative guidelines.

Here, defendant Armstrong offered his mental health condition to excuse his failure to timely answer. Our review of the record shows, however, that Armstrong failed to establish that his alleged "major depressive disorder" rose to the level of rendering him either incompetent or unable to adequately defend his rights. The psychiatrist reported only that the symptomatology of such illness includes "difficulty in concentrating, forgetfulness, and slowing of thinking and body movements". Only in the attorney's affidavit is the averment that Armstrong had "set up a total and complete mental blockage to defending any of the proceedings brought in conjunction with the instant action" found. While we are thus of the opinion that defendant Armstrong failed to establish a viable medical excuse and was consequently in default due to law office failure, we nonetheless remain cognizant that the delay here was minimal and certainly not willful, and that a meritorious defense appears to have been presented. Further, no prejudice has been shown to have accrued against plaintiff.

Under these circumstances and in view of the clear legislative expression of intent, we conclude that there was no abuse of discretion by Special Term in denying plaintiff's motion for a default judgment, as well as defendant Viger's cross motion for judgment against Armstrong, and granting defendant Armstrong's motion for leave to serve an answer (CPLR 3012, subd [d]).

The order should be affirmed, without costs.

MAHONEY, P. J., SWEENEY, KANE and CASEY, JJ., concur.

Order affirmed, without costs.