■ GARRY A. UPRIGHT et al., Appellants, v CITY OF KINGSTON et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Torraca, J.), entered January 7, 1983 in Ulster County, which denied plaintiffs' motion for the entry of a default judgment and granted defendants' cross motion for leave to serve an answer. The pertinent facts as revealed in the moving and opposing papers are not in dispute. The instant action is based in negligence

and intentional tort and arises out of the arrest of plaintiff Garry A. Upright on February 20, 1982. The summons and complaint were duly served on June 21, 1982, and defendant City of Kingston's Corporation Counsel promptly referred the papers to the City of Kingston's insurance carriers, Sentry Insurance Company (Sentry) and Jefferson Insurance Company (Jefferson). Sentry's claims office contacted plaintiffs' attorney by telephone on July 1, 1982, requested and was granted an adjournment to August 31 and also requested submission of information on injuries and medical expenses for purposes of considering settlement. This was confirmed by letter from Sentry, dated July 9, 1982, in which it was also stated that Sentry was exploring the question of coverage. Jefferson's attorneys contacted plaintiffs' attorney on July 2, 1982 by telephone and requested and received a 30-day extension of time to answer, which was confirmed by written letter and stipulation. By letter dated July 29, 1982, Jefferson's attorneys advised plaintiffs that it was only the excess coverage carrier, that Sentry had underwritten the primary coverage of the City of Kingston, and that, therefore, Jefferson's attorneys would not be appearing and defending the action. By letter dated August 24, 1982, plaintiffs' attorney advised Sentry of its items of special damages, enclosed various medical reports, bills and hospital records, and made a settlement demand of $30,000. On September 3, 1982, plaintiffs' attorney again wrote to Sentry, pointing out that the extension of time to answer had expired and that Jefferson had advised that Sentry had the primary coverage on the claim, and insisted that Sentry either meet plaintiffs' settlement demand or answer the complaint in not more than 10 days. Receiving neither response, plaintiffs moved for default judgment on September 16, 1982. Eight days after the extended time to answer had expired, the city's Corporation Counsel attempted to serve a proposed answer, which was rejected. Defendants then cross-moved for relief from their default and permission to interpose an answer. Indubitably, Sentry's disregard of plaintiffs' attorney's letter of September 3, 1982, containing a 10-day final deadline for settling or answering the complaint, constituted a classic case of law office or insurance company failure (*West v Service Leasing*, 95 AD2d 883; *Rondout Val. Pub. Co. v AM Int.*, 93 AD2d 912; *Bernard v City School Dist.*, 89 AD2d 676, adhered to on rearg 96 AD2d 995). However, we have recently applied the latest legislative amendment to the CPLR (new CPLR 2005, 3012, subd [d] [L 1983, ch 318, eff June 21, 1983]) to a similar law office failure case pending at the same term (*State Farm Mut. Auto. Ins. Co. v Viger* 94 AD2d 592). Under this enactment, a court is not precluded as a matter of law from exercising its discretion and excusing a default resulting from law office failure. Prior to the default here, the city's Corporation Counsel was not made actually aware of the possibility that there was a lack of insurance coverage or defense, and thereafter moved expeditiously to reopen upon receipt of notice that a default had been taken. The foregoing circumstances are to be contrasted with those in the *Bernard* case (*supra*), where there were repeated rejections of requests by the insurance carrier for extensions, a default of more than two months, and no tenable excuse for that default. Therefore, we cannot say that Special Term abused its legislatively restored discretion in excusing the default. Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.