■ RACHEL BOSS et al., Appellants, v AVOXE CORPORATION, Respondent. — Appeal from an order of the Supreme Court at Special Term (Pitt, J.), entered November 17, 1982 in Albany County, which granted defendant's motion to vacate a default judgment. The underlying personal injury negligence action was commenced by service of a summons and complaint upon the Secretary of State pursuant to section 306 of the Business Corporation Law on June 14, 1982. It appears that said process was returned to the Secretary of State as undeliverable due to a change in address. By letter dated July 26, 1982, plaintiffs' attorney notified defendant of the default and unilaterally extended defendant's answering time an additional 20 days. Thereafter, on August 26, 1982, plaintiffs moved for a default judgment and assessment of damages. Plaintiff returned defendant's September 14, 1982 answer as untimely and on the same day was granted judgment by default. By order entered November 17, 1982, defendant's motion to vacate the default judgment was granted, plaintiffs were ordered to accept service of defendant's answer dated September 14, 1982, and the note of issue and statement of readiness filed in the action were stricken. Plaintiffs have appealed. There should be an affirmance. Initially, we note that defendant was obligated to keep a current address on file with the Secretary of State and thus its failure to receive copies of process served upon the Secretary of State does not provide a "reasonable excuse" for purposes of vacating the default (*Cristo Bros. v M. Cristo, Inc.,* 91 AD2d 807, mot for lv to app dsmd 60 NY2d 554). Although plaintiffs urge that Special Term abused its discretion in vacating the default since defendant's sole excuse was akin to law office or insurance company failure, it is quite clear that a court is no longer precluded as a matter of law from excusing a default resulting from law office failure (see CPLR 2005, 3012, subd [d], added by L 1983, ch 318, eff June 21, 1983; *Upright v City of Kingston,* 96 AD2d 1012; *State Farm Mut. Auto. Ins. Co. v Viger,* 94 AD2d 592). Moreover, upon our review of the record, we are not convinced that defendant's delay in answering was tantamount to law office failure. Here, defendant did not become aware

that the action was commenced until receipt of plaintiffs' attorney's letter dated July 26, 1982. Thereafter, defendant promptly forwarded this letter to its insurance agent who in turn forwarded it to defendant's liability insurance carrier. On July 30, 1982, the carrier's claims representative telephoned plaintiffs' counsel and advised that the carrier required exploration of the underlying facts, including coverage, and requested a copy of the summons and complaint. By letter dated August 2, 1982, plaintiffs' counsel forwarded a copy of the pleadings and added the postscript, "Please take care of this matter as expeditiously as possible". In his affidavit in support of the motion to vacate, the claims representative stated that he interpreted the August 2, 1982 letter as providing "a reasonable opportunity to submit a response". Considering the context in which the August 2, 1982 letter was received, defendant's interpretation is not altogether unreasonable, and it is this potential misunderstanding that may remove the delay from the realm of law office failure (see *Donnelly v Pepicelli,* 58 NY2d 268; cf. *Krogh v K-Mart Corp.,* 92 AD2d 1010). It further appears that the investigative report prepared by the carrier's New York Metropolitan regional office was not received by the carrier until September 10, 1982, at which time it was directly forwarded to defense counsel who served an answer on September 14, 1982. Finally, a meritorious defense has been presented in defendant's supporting affidavits. Under all these circumstances, even were we to characterize defendant's excuse as akin to law office failure, we cannot say that Special Term abused its statutorily restored discretion in excusing the default. Order affirmed, without costs. Mahoney, P. J., Main, Mikoll, Weiss and Levine, JJ., concur.