■ BROWN COW FARM, INC., Appellant, v VOLVO OF AMERICA CORPORATION, Respondent. — Appeal from an order of the Supreme Court at Special Term (Bryant, J.), entered July 29, 1983 in Tompkins County, which granted defendant's motion to vacate a default judgment. ¶ Plaintiff commenced this action for breach of an agreement to lease a truck from defendant by the service of a summons and complaint on March 9, 1983. A legal secretary accepted service of process for defendant. She stated in an affidavit that she had no recollection of the service, but that corporate procedure would dictate that she forward a copy of the process to defendant's in-house attorneys with a copy to the credit manager of the leasing department. The credit manager stated in an affidavit that she had never received a copy of the summons and complaint. The process was never brought to the attention of the legal department. ¶ Defendant also submitted a letter to the court from its attorney, dated April 8, 1983, which advised plaintiff that it was making a claim on the very same contract that was the subject of the then pending action. A further letter from the same attorney to defendant's credit manager notified her that there was no response from plaintiff to the April 8 letter. However, plaintiff nonetheless entered a default judgment against defendant on May 11, 1983. This default judgment first came to the attention of defendant on May 13, 1983. On May 25, 1983, defendant moved to vacate it. Special Term granted the motion after finding that defendant had presented a reasonable excuse for its default and had asserted a meritorious defense and counterclaim. This appeal by plaintiff ensued. ¶ There should be an affirmance. As stated by this court in *Boss v Avoxe Corp.* (97 AD2d 601): "[I]t is quite clear that a court is no longer precluded as a matter of law from excusing a default resulting from law office failure (see CPLR 2005, 3012, subd [d], added by L 1983, ch 318, eff June 21, 1983 * * *)." We note that defendant was actively pursuing enforcement of its claim on the contract in dispute, that the delay was minimal and that

defendant promptly applied to the court for relief after its default was discovered (see *Upright v City of Kingston*, 96 AD2d 1012; *State Farm Mut. Auto. Ins. Co. v Viger,* 94 AD2d 592). There were sufficient facts and circumstances in the record to support Special Term's conclusions that defendant had presented a reasonable excuse for its default and asserted a meritorious defense and counterclaim. The delay here was not willful. ¶ Order affirmed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.