■ LLEWELLYN BEAGLE et al., Respondents, v FRANK J. PARILLO, Appellant.—Levine, J. Appeal from an order of the Supreme Court at Special Term (Brown, J.), entered November 27, 1984 in Saratoga County, which granted plaintiffs' motion to dismiss defendant's affirmative defense and for partial summary judgment on the issue of liability.

In 1979, defendant leased from plaintiffs a parcel of real property for use as a parking lot. The written lease gave defendant permission to replace topsoil on the property with a gravel base and obligated him to restore the property to its original condition at the termination of the lease. Defendant failed to perform his restoration obligations following the termination of the lease and plaintiff then brought an action to enforce them. That action was discontinued on May 22, 1984, when the parties entered into a settlement, stipulating in open court, on the record, that defendant would (1) pay plaintiffs $2,500, (2) obtain a performance bond in the amount of $16,000, and (3) complete removal of the gravel and its replacement with topsoil within 75 days. Thereafter, defendant paid the $2,500 but did not obtain a performance bond or complete the restoration within the allotted time. Plaintiffs then declared a breach of the settlement agreement, and refused defendant any further access to the site and commenced the instant action on the settlement stipulation. Defendant interposed an affirmative defense claiming that circumstances beyond his control prevented him from performing his obligations within 75 days and that, thereafter, plaintiffs had not allowed him on the property to complete performance. Plaintiffs' motion to dismiss defendant's affirmative defense and for partial summary judgment on the issue of liability was then granted and this appeal ensued.

We affirm. Defendant raises two points on appeal. First, he contends that plaintiffs' moving papers were an insufficient basis upon which to grant the summary judgment motion, since they consisted entirely of plaintiffs' attorney's affidavit

which was not grounded upon personal knowledge. However, appended to that affidavit were copies of the settlement stipulation which documented defendant's obligations, plaintiffs' verified complaint setting forth the material facts of nonperformance, and defendant's verified answer in which nonperformance was admitted. Such documentary evidence in conjunction with an attorney's affidavit was sufficient support for plaintiffs' motion *(Comptroller of State of N. Y. v Gards Realty Corp.,* 68 AD2d 186, 188-189). Moreover, the admission of nonperformance in defendant's answer was alone a sufficient basis for the grant of summary judgment *(Virginia Blue Ridge Ry. v Seeley,* 33 AD2d 871, 872).

We are equally unpersuaded that there was any triable issue of fact regarding defendant's contention that circumstances beyond his control frustrated the purposes of the stipulation and prevented the performance of his obligations. Defendant's sole contention on appeal is that it was impossible for him to complete performance within the stipulated time period because the first contractor he hired left the job. However, defendant did not engage that contractor until 14 days before the stipulated date of completion. "Frustration of performance is no defense * * * [when] provision could have readily been made for what actually occurred" *(Frenchman & Sweet v Philco Discount Corp.,* 21 AD2d 180, 182). Moreover, a promisor may not claim impossibility of performance where any such impossibility "is personal to the promisor and does not inhere in the nature of the act to be performed" (22 NY Jur 2d, Contracts, § 341, at 228). Since any frustration or impossibility of performance encountered by defendant could have been provided against if he had promptly undertaken his obligations under the stipulation, his affirmative defense is invalid as a matter of law.

Order affirmed, with costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.