■ CONTINENTAL CASUALTY COMPANY, Respondent, v COZZOLINO CONSTRUCTION CORPORATION et al., Appellants.—Levine, J. Appeal from an order of the Supreme Court at Special Term (Viscardi, J.), entered July 19, 1985 in Albany County, which granted plaintiff's motion for leave to serve a reply to defendants' counterclaim.

It was within Special Term's discretion to grant plaintiff's application for an extension of time to serve a reply where the delay of 65 days was neither willful nor lengthy, defendants did not show that they were prejudiced by the delay, and plaintiff established an excuse for its tardiness and supplied the court with an affidavit of merits setting out a meritorious defense, i.e., that the counterclaim was legally insufficient under the parties' agreements *(see, General Acc. Group v Scott,* 96 AD2d 759, 760, *appeal dismissed* 60 NY2d 651). Contrary to defendants' assertions, plaintiff's law office failure to serve a

reply while settlement discussions were taking place constituted a reasonable excuse for the delay *(see, Knapek v MV Southwest Cape,* 110 AD2d 928, 930; *Brown Cow Farm v Volvo of Am. Corp.,* 102 AD2d 916, *lv dismissed* 63 NY2d 770; *Boss v Avoxe Corp.,* 97 AD2d 601, 602), and the affidavit of plaintiff's attorney with the complaint and contract sued upon appended thereto was sufficient to set out the merits of the defense *(see, Beagle v Parillo,* 116 AD2d 856; *Dick v Samaritan Hosp.,* 115 AD2d 917). Moreover, although the merits of the case may at times be an appropriate factor for the court's consideration, CPLR 3012 (d) does not require an affidavit of merit as a precondition to obtaining relief where, as here, the delay in pleading has been of reasonably short duration *(see, Mufalli v Ford Motor Co.,* 105 AD2d 642, 644).

Order affirmed, with costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.