■ RICHARD J. DERWALD, Respondent, v L.J.N. TOYS, LTD., et al., Appellants.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered July 13, 1989, which denied defendants' motion to dismiss the second amended complaint, is unanimously reversed, on the law and on the facts, motion granted, and complaint dismissed, without costs.

In late May 1984, Mr. Richard J. Derwald made an unsolicited telephone call to L.J.N. Toys, Ltd. (LJN) to discuss a product concept (concept) which he had developed. In response, an employee of LJN informed Mr. Derwald that he would have to submit his concept in writing for LJN to consider same.

Subsequently, various employees of LJN, including Ms. Karyn Weiss, entered into negotiations with Mr. Derwald concerning his concept. By letter agreement dated August 3, 1984, Mr. Derwald, in substance, released to LJN all his rights to the concept in exchange for $10,000.

On or about June 16, 1986, Mr. Derwald (plaintiff) commenced an action against LJN and Ms. Weiss (defendants) for damages. This original complaint, in substance, pleaded that defendants had fraudulently induced plaintiff to enter into the August 3, 1984 agreement, mentioned *supra*. Thereafter, the IAS court granted defendants' motions to dismiss the original and first amended complaint. However, the IAS court denied the defendants' motion to dismiss the instant second amended complaint. Defendants appeal.

After our review of the record, we find that the second amended complaint does not set forth a valid cause of action for fraud in the inducement, since it is overwhelmingly clear that plaintiff gratuitously submitted his concept to the defendant LJN, before any employee of defendant LJN made any representations to plaintiff concerning his concept. Almost 50 years ago, the Court of Appeals held, in *Grombach Prods. v Waring* (293 NY 609, 616 [1944]), that "the prior gratuitous, unsolicited disclosure * * * made by the [plaintiff], unprotected by contract, does not create an enforceable contract implied in law".

Further, we find that the alleged statements of defendant LJN's employees, which plaintiff characterizes in his second amended complaint as actionable misrepresentations, do not set forth valid causes of action for fraud, since our examination of those statements indicates they did not misrepresent

existing facts. We stated, in *Irving Trust Co. v La Pilar Realty* (56 AD2d 532 [1st Dept 1977]), that "[f]raud, to be actionable, must be based on false representations of existing facts and not of mere opinion (24 NY Jur, Fraud and Deceit, §§ 35, 36)".

Based upon our analysis *supra,* we find that the IAS court erred in denying defendants' motion to dismiss.

Accordingly, we reverse, and grant defendants' motion to dismiss the second amended complaint. Concur—Kupferman, J. P., Ross, Kassal, Ellerin and Wallach, JJ.