■ SOLOW MANAGEMENT CORP., Appellant, v NEAL S. HOCHMAN, Respondent. [594 NYS2d 751] —Order, Supreme Court, New York County (Burton Sherman, J.), entered June 4, 1992, which, *inter alia,* granted defendant's motion for summary judgment pursuant to CPLR 3212 dismissing plaintiff's complaint and on defendant's counterclaim for legal fees, unanimously affirmed, without costs.

The IAS Court properly determined that plaintiff's exercise of its 30-day lease option in February, 1991, more than three months after the option had expired, was untimely and of no effect and that plaintiff's demand that the defendant find a substitute tenant willing to rent the subject apartment "as is" subject to the apartment restoration rider in the parties' lease, was an invalid, unilateral attempt by the plaintiff to orally modify the parties' lease in violation of the lease provision specifically prohibiting such an oral modification, as well as the Statute of Frauds provision in General Obligations Law § 15-301 (1).

Summary judgment in defendant's favor is particularly appropriate herein where it is undisputed that the defendant complied with the unambiguous provisions of the restoration rider in the parties' lease agreement requiring the defendant to notify plaintiff of his intention to vacate the subject apartment 180 days prior to the expiration of the lease by written notice thereof on October 31, 1990 and paid rent through the expiration of the lease term, while the plaintiff admittedly failed to notify the defendant within 30 days thereafter whether the plaintiff elected to require the defendant to restore the apartment to its original condition in compliance with the lease rider by removing the designer-quality improvements to the subject apartment installed by a prior tenant.

Where, as here, the case turns upon an unambiguous written agreement and notice, and the material facts of the case are not in dispute, summary judgment was properly granted *(see, Bethlehem Steel Co. v Turner Constr. Co.,* 2 NY2d 456, 460; *Tantleff v Truscelli,* 110 AD2d 240, 244-245, *affd* 69 NY2d 769).

There is nothing in the record to indicate that the defendant either expressly or implicitly waived the lease rider requirement that the plaintiff exercise its restoration right option within 30 days after the notice *(see, Tendler v Lazar,* 141 AD2d 717; *Messina v Messina,* 143 AD2d 735, 737); nor is the defendant equitably estopped by his October 31, 1990 notice of termination, proposing a successor tenant, from seeking to strictly enforce the plaintiff's 30-day apartment restoration option since statements relating to the future conduct of the proposed tenant, rather than a representation concerning a past or present fact, cannot form the basis for equitable estoppel *(Derwald v L.J.N. Toys,* 161 AD2d 223). Moreover, the plaintiff's failure to give timely notice based upon its on-going, and ultimately unsuccessful, negotiations with the proposed tenant, is an insufficient basis to relieve the plaintiff from the consequences of its own inaction *(Record Club v United Artists Records,* 890 F2d 1264, 1274; *Beagle v Parillo,* 116 AD2d 856, 857).

Finally, the plaintiff is not entitled to recover loss of rental income allegedly arising as a result of the defendant's failure to restore the subject premises to their original condition since the measure of damages for a tenant's breach of a covenant to surrender leased premises in a stipulated condition is limited to the reasonable costs of restoring the premises to that condition *(Farrell Lines v City of New York,* 30 NY2d 76; *Tobin v Union News Co.,* 13 NY2d 1155).

We have reviewed the plaintiff's remaining claims and find them to be without merit. Concur—Sullivan, J. P., Milonas, Asch and Rubin, JJ.