■ MANUFACTURERS AND TRADERS TRUST COMPANY, Respondent-Appellant, v WORLD ONE TRAVEL CENTER, INC., et al., Appellants-Respondents. [609 NYS2d 491] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: The issues on this appeal require analysis of the contractual rights of the parties. On October 30, 1992, plaintiff ("the Bank"), without advance notice, froze the Merchant Account of defendant corporation, a merchant whose customers paid by VISA and Mastercard. On November 10, 1992, the Bank served defendant corporation with written notice of termination of the Merchant Agreement. This lawsuit was commenced in November 1992. The Bank alleged that defendants breached many provisions of the Merchant Agreement and sought damages "in an as yet undetermined sum believed to exceed $5,000,000." Its position was that chargebacks and penalties against the balance in the Merchant Account would exceed the balance in that account by that amount. Insofar as relevant on appeal, defendants sought dismissal of the Bank's amended complaint and partial summary judgment on two counterclaims for damages based on the freezing of the account.

We conclude that, under paragraph 15 of the Merchant Agreement, the Bank had the right to deduct chargebacks and penalties from the balance in the Merchant Account, but that the obligation of the merchant to make payment to the Bank beyond that required a demand. No such demand was alleged to have been made and, therefore, the amended complaint must be dismissed without prejudice. Because a demand was necessary, the failure to make one cannot be excused by a showing that it probably would have been futile (see, Southwick v First Natl. Bank, 84 NY 420, 431). Contrary to the Bank's contention, the individual defendants were not then liable as guarantors because the corporate defendant, the principal, was not then in default (see, Aquavella v Harvey, 69 Misc 2d 606, 608, affd 40 AD2d 940).

With respect to the counterclaims, we conclude that the court erred in granting defendants' motion for partial summary judgment on the first counterclaim and that the court properly denied the motion with respect to the fourth counterclaim. Defendants failed to meet their initial burden of estab-

lishing as a matter of law that the Bank was not entitled to place an administrative hold on the Merchant Account *(see, Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065).

The court properly granted the Bank leave to serve a late reply *(see, Continental Cas. Co. v Cozzolino Constr. Corp.,* 120 AD2d 779).

We modify the order on appeal, therefore, by vacating the first and second ordering paragraphs, dismissing the amended complaint without prejudice, and denying defendants' motion for partial summary judgment on the first counterclaim. (Appeals from Order of Supreme Court, Monroe County, Calvaruso, J.—Summary Judgment.) Present—Green, J. P., Pine, Callahan, Doerr and Boehm, JJ.