■ AMERICAN REAL ESTATE HOLDINGS LIMITED PARTNERSHIP, Respondent, v CITIBANK, N.A., et al., Appellants. [844 NYS2d 288]—

Order, Supreme Court, New York County (Debra A. James,

J.), entered May 29, 2007, which, to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss the complaint, unanimously modified, on the law, to the extent of granting that part of defendants' motion to dismiss defendant Citigroup, Inc., and otherwise affirmed, without costs.

Dismissal of the complaint as against defendant Citibank, N.A., is not warranted in this action where plaintiff, the former owner of a building, seeks to recover damages based on Citibank's alleged breach of the covenant to repair under its lease with plaintiff, which expired prior to plaintiff selling the building. Although Citibank may no longer be in privity of estate with plaintiff, it remains liable under the lease's covenant to repair, with the damages to be measured by the reasonable costs of restoring the premises to the required state of repair (*see City of New York v Farrell Lines*, 30 NY2d 76, 84-85 [1972]; *Solow Mgt. Corp. v Hochman*, 191 AD2d 250, 251 [1993], *lv dismissed* 82 NY2d 802 [1993]). That plaintiff, in its contract of sale with the purchaser of the building, represented that Citibank was not in default under the lease, does not mandate a finding that plaintiff was not injured. The weight to be given such statement with respect to the leased premises is a matter for the trier of fact.

However, we modify to the extent of dismissing the action as against defendant Citigroup, Inc., Citibank's parent corporation. Citigroup was not a party to the subject lease, and although Citibank's correspondence with plaintiff appeared on Citigroup letterhead, these letters specifically refer to Citibank, define the "tenant" as Citibank, and cannot form the basis for holding Citigroup liable for Citibank's alleged breach of the lease (*see Potash v Port Auth. of N.Y. & N.J.*, 279 AD2d 562 [2001]).

We have considered appellants' remaining contentions and find them unavailing. Concur—Tom, J.P., Saxe, Sullivan, Gonzalez and Sweeny, JJ. [*See* 2007 NY Slip Op 31355(U).]